**UNITED STATES, Appellant,**

v.

**Senior Airman Steven C. ADAMS, II, United States Air Force, Appellee.**

**Misc. Dkt. No. 99–13.**

U.S. Air Force Court of Criminal Appeals.

20 March 2000.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, Major Bryan T. Wheeler, Major Karen L. Manos, and Captain Peter J. Camp.

Appellate Counsel for Appellee: Colonel Jeanne M. Rueth and Captain Karen L. Hecker.

Before YOUNG, Senior Judge, HEAD, and ROBERTS, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Senior Judge:

Appellee was brought to trial before a general court-martial consisting of officer and enlisted members on one specification of wrongfully using methamphetamine. Article 112a, UCMJ, 10 U.S.C. § 912a. The prosecution's case consisted of a urinalysis showing that metabolites of methamphetamine were in the appellee's body and two inferences: (1) knowledge of the presence of a controlled substance may be inferred from the presence of the controlled substance in the body (*Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 37c(10) (1998 ed.)); and (2) use of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary (*MCM*, Part IV, ¶ 37c(5)).

At the conclusion of the prosecution's case, the appellee asked the military judge to enter a finding of not guilty pursuant to "Rule for Courts–Martial (R.C.M.) 917 and *United States v. Campbell*, 50 M.J. 154 (1999)." After explaining his rationale for the decision, the military judge granted the motion:

> With respect to the Defense Motion for a Finding of Not Guilty, pursuant to R.C.M. 917, I have considered the evidence thus

far presented, in the light most favorable to the prosecution, to determine whether there is any evidence which, together with all reasonable inferences and applicable presumptions, could reasonably tend to establish every essential element of the offense charged.

In accordance with R.C.M. 917(b), the flaw in the government's case, identified by the defense, is the lack of evidence that the cutoff level for methamphetamine, and reported concentration of methamphetamine, are high enough to indicate a reasonable likelihood that the accused at sometime would have experienced the physical and psychological effects of methamphetamine.

. . . .

The Court finds that this case, and this motion particularly, is governed by the standards set forth in *United States v. Campbell* cited at 50 M.J. 154. Specifically, at page 160, the Court tells us the prosecution's expert testimony must show, among other things, that the cutoff level and reported concentration are high enough to reasonably discount the possibility of unknowing ingestion and to indicate a reasonable likelihood that the user at some time would have experienced the physical and psychological effects of the drug.

The Court is not persuaded by the government's argument that the *Campbell* holding is case specific for three reasons:

1. The Court in *Campbell* canvasses nearly the entire body of law in this area in their decision, and draws therefrom for their conclusions. These cases involve a variety of different drugs, to include both marijuana and cocaine;

2. If the *Campbell* decision were case specific, the Court likely would have reached the testing reliability issue, because that is apparently specific to LSD testing; and

3. The force and breadth of Judge Sullivan's dissent convinces me, that at least to him, *Campbell* is now the law of urinalysis cases, and I agree with his assessment.

Therefore, relying upon the Court's decision in *Campbell* and having provided the government an opportunity to reopen their case and cure the evidentiary flaw at issue, the Court finds that the requirements of *Campbell* are not met, and the government has failed to remedy the identified flaw. Accordingly, the defense motion is granted.

. . . .

Senior Airman Steven C. Adams, II, in accordance with this Court's ruling on the defense motion, the court finds you of the charge and its specification: NOT GUILTY.

The United States has appealed that decision under Article 62, UCMJ, 10 U.S.C. § 862. As appellate counsel for both sides clearly recognized, the first issue we must address is whether this Court has jurisdiction to hear the appeal. Article 62, UCMJ, limits jurisdiction over appeals by the United States, in pertinent part, as follows:

(a)(1) In a trial by court-martial in which a military judge presides and in which a punitive discharge may be adjudged, the United States may appeal the following (other than an order or ruling that is, or that amounts to, a finding of not guilty with respect to the charge or specification):

(A) An order or ruling of the military judge which terminates the proceedings with respect to a charge or specification.

"Article 62 was intended by Congress to be interpreted and applied in the same manner as the Criminal Appeals Act, 18 USC § 3731." *United States v. Brooks,* 42 M.J. 484, 486 (1995). That act provides that "no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution." 18 U.S.C. § 3731.

The Double Jeopardy Clause prevents a retrial after an acquittal, and it prevents an appeal from a judgment of acquittal if a successful appeal would require further factual proceedings against the defendant. An acquittal represents a judgment by a jury or a court that the evidence is insufficient to convict.

*United States v. Mackins,* 32 F.3d 134, 137 (4th Cir.1994).

An accused is acquitted when

the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged. Where the court, before the jury returns a verdict, enters a judgment of acquittal ... appeal will be barred only when "it is plain that the district court ... evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction."

*United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571–72, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)).

On the other hand, "the trial judge's characterization of his own action cannot control the classification of the action." *Brooks,* 42 M.J. at 486 (quoting *Scott,* 437 U.S. at 96, 98 S.Ct. 2187). If the trial court labels its decision as a judgment of acquittal, but the record shows that it is based on some issue other than the insufficiency of the evidence, "the judgment constitutes a dismissal of the indictment, not an acquittal, and the government may appeal from that order." *Mackins,* 32 F.3d at 138 (holding judgment of acquittal on Count 3, based on judge's refusal to consider evidence presented on two counts on which the accused had been acquitted, was actually a dismissal of the indictment, and retrial did not violate double jeopardy).

The military judge characterized his ruling as a finding of not guilty under R.C.M. 917. The United States claims the military judge's ruling was based solely on an erroneous legal conclusion—that the prosecution was required to prove a reasonable likelihood that the appellee felt the physical and psychological effects of the methamphetamine—and therefore, we have jurisdiction to review this appeal. The appellee disagrees.

■ The military judge relied heavily upon *Campbell* in reaching his decision on the R.C.M. 917 motion. Although no doubt reflecting the thinking of the majority of the judges of the Court of Appeals for the Armed Forces (CAAF), the *Campbell* decision does not represent a final, binding decision of the Court. Decisions of the CAAF

are inchoate until the Court issues a mandate. *See United States v. Miller,* 47 M.J. 352, 361 (1997). The CAAF has not issued a mandate in this case because it still has a motion for reconsideration pending before it. *See United States v. Campbell,* 1999 CAAF LEXIS 1862 (C.A.A.F. Sept. 29, 1999). Thus, *Campbell* was not binding on the military judge. Furthermore, as the government contends, there is good reason to believe that the military judge misinterpreted the holding in *Campbell,* and thus incorrectly concluded that the evidence was insufficient as a matter of law to establish the element of wrongfulness.

■ Nevertheless, the fact that the military judge may have misinterpreted the quantum of proof necessary to establish the wrongfulness of the appellant's use of methamphetamine provides no relief for the government. "[T]he fact that 'the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles,' [ ] affects the accuracy of that determination but it does not alter its essential character." *Scott,* 437 U.S. at 98, 98 S.Ct. 2187 (citations omitted). *Accord Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). The military judge clearly evaluated the government's evidence and determined "it was legally insufficient to sustain a conviction." *Scott,* 437 U.S. at 97, 98 S.Ct. 2187. *See United States v. Lynch,* 162 F.3d 732 (2d Cir.1998) (holding court lacked jurisdiction to review appeal of judgment of acquittal despite trial judge's erroneous conclusions on the meaning of willfulness and his authority to acquit as a matter of leniency). Therefore, we lack appellate jurisdiction and dismiss the appeal.

Judge HEAD and Judge ROBERTS concur.