IN THE CASE OF


UNITED STATES, Appellee

v.

Guillermo A. DOUGLAS, Corporal
U.S. Marine Corps, Appellant

No. 01-0242

Crim. App. No. 200000569

United States Court of Appeals for the Armed Forces

Argued October 4, 2001

Decided December 10, 2001


EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE and BAKER, JJ., and SULLIVAN, S.J.,
joined.


Counsel


For Appellant:  Lieutenant Thomas P. Belsky, JAGC, USNR
(argued); Captain John A. Fabian, JAGC, USNR, Lieutenant Hardy
Vieux, JAGC, USNR, and Lieutenant Amanda St.Claire, JAGC, USNR
(on brief).


For Appellee:  Major Robert M. Fuhrer, USMC (argued); Commander
Peter A. Dutton, JAGC, USN (on brief); Colonel Marc M. Fisher,
Jr., USMC, and Lieutenant Commander Philip Sundel, JAGC, USNR.


Military Judge:  S.A. Jamrozy


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone convicted appellant, contrary to his pleas, of three specifications of making false official statements, in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907. He was sentenced to a bad-conduct discharge, confinement for thirty days, and reduction to the pay grade of E-1. The convening authority approved confinement for ten days, the bad-conduct discharge, and reduction to pay grade E-1, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL
> APPEALS ACTED UNREASONABLY, ARBITRARILY, AND CONTRARY
> TO THE JURISPRUDENCE OF THIS COURT BY DENYING
> APPELLATE DEFENSE COUNSEL THE OPPORTUNITY TO FILE A
> MOTION FOR RECONSIDERATION, WHERE THE ERRORS
> IDENTIFIED BY APPELLANT HAD NOT BEEN PREVIOUSLY
> ASSERTED ON HIS BEHALF.

For the reasons set forth below, we affirm.[1]

---

[1] The Government has moved to dismiss appellant's petition as untimely filed, and to attach certain documents in support of the motion to dismiss. See Art. 67(b), UCMJ, 10 USC § 867(b) (providing that an accused may petition for grant of review within sixty days of actual or constructive service of the Court of Criminal Appeals decision). In United States v. Byrd, 53 MJ 35, 40 (2000), which was issued six months before the pertinent events in the present case, we rejected a similar contention on the grounds that the Government had failed to document properly the actions necessary to demonstrate constructive service. The record of proceedings in the present case is similarly flawed. Accordingly, we shall not revisit our decision to grant review in the present case. The Government's motion to attach is granted. The motion to dismiss is denied.

I.   BACKGROUND

Appellant's case was docketed at the Navy-Marine Corps Court of Criminal Appeals on May 3, 2000.  Appellate defense counsel submitted a request for review by the Court of Criminal Appeals on September 28, 2000, without specific assignments of error.  The court affirmed the findings and sentence in an unpublished opinion on October 16, 2000.  On December 4, 2000, appellate defense counsel filed a Motion for Leave to Enlarge Time to File a Motion for Reconsideration.  The motion stated that "Appellant notes that he has issues that he would like to raise for the Court's consideration that he was unable to discuss with his appellate counsel."  The motion also informed the court that new appellate counsel would be assigned to the case and would need time to research the motion for reconsideration.  The motion did not describe the nature of the issues of concern to appellant, nor did it set forth any reasons why appellant had been unable to discuss such matters with his appellate counsel.  The court denied the motion on December 12, 2000.

Two weeks later, on December 18, 2000, appellate defense counsel filed a Motion for Reconsideration for Leave to Enlarge Time to File a Motion for Reconsideration.  The motion simply

stated "Appellant notes that he has issues that he would like to raise for the Court's consideration that he was unable to discuss with his appellate counsel."  The court denied the second motion on January 12, 2001.

## II.  DENIAL OF THE MOTION FOR ENLARGEMENT OF TIME

A party may request reconsideration of a decision by the Navy-Marine Corps Court of Criminal Appeals "within 30 calendar days after counsel's receipt of the decision, or upon motion or suggestion by appellant within 30 calendar days after appellant's receipt of the decision[.]"  Rule 4-8.4, Navy-Marine Corps Court of Criminal Appeals Rules of Practice and Procedure (NMCCA Rules).  In the present case, the thirty-day period expired on December 4, 2000, the date on which the motion was filed.[2]  The request was untimely, however, because a motion for enlargement of time must be filed with that court "at least 7 calendar days before the filing is due to permit the opposing party to register opposition and the Court to give timely consideration."  NMCCA Rule 4-8.1.  For purposes of this appeal, we shall assume that the Court of Criminal Appeals had discretion to suspend the timeliness requirements concerning

---

[2] Although we do not rely on the undated certificate of service found in the record of trial to establish the beginning of the thirty-day period, appellant concedes in his brief that he received notice of the decision on November 4, 2000.

appellant's request.  See Rule 25, Courts of Criminal Appeals New Rules of Practice and Procedure (permitting suspension of the rules governing the Courts of Criminal Appeals). 44 MJ LXXV (1996).  The question before us is whether the court erred in denying appellant's December 4 motion for an extension of time and his December 18 motion for reconsideration of that matter. Denial of a motion for extension of time is reviewed for an abuse of discretion.  Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995).

In the military justice system, if an "accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel will, at a minimum, invite the attention of the [Court of Criminal Appeals] to those issues[.]"  United States v. Grostefon, 12 MJ 431, 436 (CMA 1982).  The Court of Criminal Appeals must, "at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them."  Id.  We have repeatedly emphasized, however, that the generous protections afforded by Grostefon do not obviate normal rules of appellate practice.  See, e.g., United States v. Healy, 26 MJ 394, 397 (CMA 1988) ("Grostefon did not signal abolition of basic rules of appellate practice and procedure").

Appellant's December 4, 2000, motion for an extension of time placed before the court below nothing more than a vague

allegation that appellant had "issues that he would like to raise for the Court's consideration that he was unable to discuss with his appellate counsel." The motion did not identify with specificity the issues appellant wished to present to the court. Moreover, the motion did not offer an explanation as to why such issues were not raised in the original submission, such as ineffectiveness of his original appellate defense counsel. Under these circumstances, the Court of Criminal Appeals did not abuse its discretion in denying the motion for an extension of time.

In the fourteen days between appellant's first motion and the request for reconsideration filed on December 18, 2000, the new appellate defense counsel had ample opportunity to communicate with his client, gain a sufficient understanding of the issues, and prepare an appropriate filing for the court. The motion for reconsideration, however, was as vague as the initial motion.

The burden is on appellant to file pleadings that articulate specific issues under Grostefon or to otherwise articulate a colorable claim that his rights under Grostefon are not being protected. The filings in the present case are deficient in both regards. Under these circumstances, the Court of Criminal Appeals did not abuse its discretion in denying both the initial motion and the motion for reconsideration.

Although not part of our decision, we note that the decision by the Court of Criminal Appeals did not terminate appellant's right to appellate review. Under Article 67(a)(3), UCMJ, 10 USC § 867(a)(3), appellant had the right to file a petition for review with our Court, and to demonstrate that there was good cause for reviewing alleged errors at trial or on appeal. Appellant exercised that right and filed a total of seven issues for our consideration.[3] We determined that he established good cause for review as to only one issue, the issue under consideration in the present opinion. 55 MJ 165 (2001). We note in particular that appellant's petition supplement raised two ineffective assistance of counsel issues under Grostefon, pertaining to trial defense counsel and appellate defense counsel. Each assertion consisted of a single

---

[3] Appellant's supplement included the following issues:
   I. WHETHER THE NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS ACTED UNREASONABLY, ARBITRARILY, AND CONTRARY TO THE JURISPRUDENCE OF THIS COURT BY DENYING APPELLATE DEFENSE COUNSEL THE OPPORTUNITY TO FILE A MOTION FOR RECONSIDERATION, WHERE THE ERRORS IDENTIFIED BY APPELLANT HAD NOT BEEN PREVIOUSLY ASSERTED ON HIS BEHALF.
   II. WHETHER THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR FALSE OFFICIAL STATEMENT.
   III. WHETHER THE MILITARY JUDGE ERRED WHEN HE ALLOWED THE INTRODUCTION OF TESTIMONY TO PROVE THE CONTENTS OF A REQUEST CHIT THAT WAS NOT INTRODUCED INTO EVIDENCE AND WHICH RESULTED IN APPELLANT'S CONVICTION OF SPECIFICATION 1 OF CHARGE I.
   IV. WHETHER THE CONVENING AUTHORITY'S ACTION, BASED IN PART ON THE CONVENING AUTHORITY'S CONSIDERATION OF A PRETRIAL AGREEMENT THAT DID NOT EXIST, MUST BE SET ASIDE.
   V. WHETHER A SENTENCE THAT INCLUDES AN UNSUSPENDED BAD-CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE FOR THIS APPELLANT.
   VI. WHETHER APPELLANT'S TRIAL DEFENSE COUNSEL DENIED HIM THE OPPORTUNITY TO TESTIFY ON HIS BEHALF DURING THE FINDINGS PORTION OF THE COURT-MARTIAL.
   VII. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE DEFENSE COUNSEL.

sentence, and the petition supplement was devoid of any supporting details.  Appellant's filing was insufficient to establish good cause for review, given the requirement to allege both the manner in which counsel's performance deprived appellant of the assistance of counsel and the resultant prejudice.  See United States v. McConnell, 55 MJ 479, 481 (2001), citing Strickland v. Washington, 466 U.S. 668 (1984).

## III.  CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.