**UNITED STATES, Appellee**

v.

**Christopher MACK, Private**
**U.S. Army, Appellant.**

No. 93–1028.
CMR No. 9102134.

U.S. Court of Military Appeals.

Argued May 9, 1994.

Decided Sept. 29, 1994.

For Appellant: *Captain Robert H. Pope* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Major Robin L. Hall* (on brief).

For Appellee: *Captain Louis E. Peraertz* (argued); *Colonel Dayton M. Cramer, Major James L. Pohl, Major Kenneth T. Grant, Captain Jane F. Polcen* (on brief).

*Opinion of the Court*

WISS, Judge:

Appellant was convicted by a general court-martial composed of officer members at Fort Lewis, Washington. Contrary to his pleas, he was found guilty of assault with a means likely to produce death or grievous bodily harm and solicitation to commit sodomy, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to E–1. The convening authority disapproved the findings as to solicitation but approved the remaining guilty findings and only so much of the sentence as provides for a bad-conduct discharge, confinement for 18 months, total forfeitures, and reduction to E–1. The Court of Military Review affirmed the approved results. 36 MJ 851 (1993).

This Court granted review on the following issue:

> WHETHER PRIVATE MACK'S COURT–MARTIAL PANEL WAS FATALLY TAINTED BECAUSE A MEMBER OF THE PANEL WAS UNTRUTHFUL UNDER OATH DURING VOIR DIRE AND, AS A RESULT, WAS ABLE TO AVOID CHALLENGE AND REMAIN ON THE PANEL.

■ We hold that, as a member failed to disclose during *voir dire* that he had been the victim of a robbery 30 years previously, an evidentiary hearing is required to establish a factual predicate to resolve this issue. *See McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984).

I

The present issue arises from a court member's failure to provide information during the *voir dire* and defense counsel's discovery of this matter post-trial. To develop the facts, it is necessary to examine the *voir dire* of Colonel Schnapp, who was a member in both appellant's case and an earlier, unrelated court-martial.

At the outset of appellant's trial, the military judge presented prefatory instructions that included the following:

> With regard to challenges, if you know of any matter which might affect your impartiality to sit as a member in this case you should disclose it when asked.

The military judge then initiated group *voir dire,* specifically advising the members to "answer so that the court reporter can record your response...." The record documents negative responses by all members to several initial questions.

■ Eventually, the military judge asked, "Has any member of the court ever been the victim—other than in a combat situation—ever been the victim of any physical attack?" Another member, Major McCabe, responded affirmatively to this question, so the military judge focused particular questions to him. Although Major McCabe disclosed that he had been assaulted with a knife in junior high school, he stated that the incident would not affect his participation in the present case. The record does not record either an affirmative or negative response by any other member to this question.[1]

During group *voir dire,* trial counsel directed a specific question to Colonel Schnapp about his "court-martial experience in Vietnam." Colonel Schnapp disclosed his experience as both trial and defense counsel during the 1960s and explained that it would not affect his impartiality. Additionally, trial counsel asked the members, "Would each of you feel comfortable, if you were in the accused's position, having someone with your

---

1. Trial counsel is responsible to ensure that the record reflects each member's response to *voir dire* questions. *See* RCM 808, Manual for Courts–Martial, United States, 1984. When questions are directed to the entire panel, the record must indicate either an affirmative or negative response by the members. In the present case, this procedure would have compelled Colonel Schnapp to respond to this particular *voir dire* question.

mindset sitting on the panel?" and "Would each of you feel comfortable with that?" Colonel Schnapp and other members responded in the affirmative. In group *voir dire* by defense counsel, Colonel Schnapp disclosed that he had been a panel member on a prior court-martial involving an assault offense.

Considering the responses by several members to group *voir dire,* defense counsel requested individual *voir dire* of particular members, including Colonel Schnapp. In questioning Colonel Schnapp, defense counsel explored the circumstances of his participation in the prior court-martial that he had mentioned:

> DC: Colonel Schnapp, you indicated that you had some prior involvement at some level regarding somebody who had been involved with an assault. Can you describe the circumstances?
>
> SCHNAPP (MEM): It has probably been a couple of hundred involvements over the years. I can only remember, really, one case and that was so long ago. That was an assault with a weapon and that's really it. All the other stuff is gone. It's my age, you know. I just don't remember.
>
> DC: Did you—that particular assault with the weapon, do you know why that stands out in your mind?
>
> SCHNAPP (MEM): Well, I was the trial counsel and we were interrupted by a mortar attack and never reconvened. So, it is still open.

Throughout *voir dire,* Colonel Schnapp did not mention any experience as a victim of a violent attack. Defense counsel did not challenge Colonel Schnapp for cause or peremp-

torily,[2] and the trial proceeded uneventfully to its conclusion.

It is unclear when, but sometime post-trial, appellant learned that Colonel Schnapp had been an assault victim over 30 years earlier.[3] Appellant discovered this through a record of trial of an unrelated court-martial that had occurred 3 months before appellant's. Colonel Schnapp had revealed this information during *voir dire* at that court-martial, which involved a different military judge and different counsel. In that prior case, trial counsel had asked, "Now, has any member of the panel or a member of their immediate family or close friend of the family ever been the victim of a larceny?" Colonel Schnapp initially had not answered in the affirmative. However, Major McCabe (the same officer mentioned earlier who served on appellant's court-martial) and other officers had answered in the affirmative. After these officers had responded to questioning about this matter, Colonel Schnapp had stated, "Just triggered my mind.... Before I came in the Army I was working for a store that was robbed, and I was held at gunpoint and tied up."

In response, trial counsel immediately had requested and had been permitted to conduct individual *voir dire* of Colonel Schnapp. There, Colonel Schnapp disclosed in detail:

> I was probably about twenty years old. Closed up the grocery store at night; got in my car, and a guy got in with a .45 and he tied me up in the car and threatened to shoot me. I broke loose. In the meanwhile, his partner was robbing the boss in the store. That's about it.

2. Appellant does not assert that a fundamental defense tactic in *voir dire* was to remove any and all panel members who had been victims of a violent crime. We note that defense counsel failed to exercise a challenge for cause against Major McCabe, another panel member who related he had been a victim of an assault. Also, defense counsel did not exercise his peremptory challenge.

3. When appellant discovered this information is unclear. While the Appellate Defense Counsel Representation Form dated January 4, 1992, states as one of the errors urged as grounds for relief that "Panel member not responding appro-

priately to *voir dire,*" this matter was not raised in appellant's post-trial matter submitted to the convening authority on January 6, 1992. Appellate defense counsel asserts in the final brief the following:

> The information which formed the basis of this issue came to light strictly by chance: PVT Mack was confined for a short time with SPC Payne. After trading records-of-trial, SPC Payne noticed that COL Schnapp was on PVT Mack's panel and had given different information during voir dire.

Final Brief at 10 n. 3. SPC Payne was tried in June and July 1991 at Fort Lewis, Washington.

Colonel Schnapp had explained that the incident had not come to mind when he had examined the charge sheet, and he had asserted that the incident would not influence him in the court-marital because he "had forgotten about it."

In *voir dire* at that court-martial, defense counsel had established that this incident had been a "pretty traumatic experience" at the time, because then-Mr. Schnapp was convinced that his perpetrator was ready to carry out the threat on his life. Also, Colonel Schnapp had explained he had testified against his assailant, who was sent to prison.

Based on these matters, defense counsel there had challenged Colonel Schnapp for cause because of the similarity of Colonel Schnapp's prior experience as a victim and the charged offenses in that case. The military judge had denied the challenge for cause against Colonel Schnapp but had allowed a defense peremptory challenge against him.

In the present case, the defense presented the matters relating to Colonel Schnapp's being a prior assault victim for the first time in the Court of Military Review. There, appellant argued that this matter suggests Colonel Schnapp's implied bias against appellant, which denied appellant his Sixth Amendment right to a fair and impartial panel.

## II

■ *Voir dire* is a critical dimension of a criminal trial. *Voir dire* serves to protect an accused's right to impartial fact-finders by exposing possible biases, both known and unknown, on the part of the jurors. *See McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). The effectiveness of *voir dire* depends upon each potential member's providing valid, relevant information so that both judge and counsel can evaluate the member's qualifications and suitability for

court-marital service.[4] In this vein, this Court consistently has required member honesty during *voir dire* in order to permit a fair member selection process. *United States v. Lake,* 36 MJ 317, 323 (CMA 1993) (Court explicitly rejects "reticence" by court members); *United States v. Rosser,* 6 MJ 267, 273 (CMA 1979)(Court critical of member's "lack of candor" that "falls far short of the full disclosure mandated by . . . general principles of military law).

■ Of course, even a competent *voir dire* by both counsel and the military judge directed to honest and cooperative members may not guarantee a perfectly objective and impartial factfinder. The Supreme Court has stated:

The safeguards of juror impartiality, such as *voir dire* and protective instructions from the trial judge, are not infallible: it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote. Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. . . .

*Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982). This passage reaffirms the truism that "[a litigant] is entitled to a fair trial but not a perfect one." *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. at 553, 104 S.Ct. at 848, *quoting Brown v. United States,* 411 U.S. 223, 231–32, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208 (1973); *Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968), and *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953).

■ Where a potential member is not forthcoming, however, the process may well be burdened intolerably. The granted issue alleges error because a court member failed

---

4. One observer has commented that "use of *voir dire* in courts-martial is relatively neglected." Holdaway, *Voir Dire—A Neglected Tool of Advocacy,* 40 Mil. L.Rev. 1 (1968). Excellent resources on *voir dire* include: 5 AM. JUR. *Trials Selecting the Jury—Plaintiff's View* and *Selecting the Jury—Defense View* (1988); A. Ginger, Jury Selection in Civil & Criminal Trial (1984); I. Goldstein & F. Lane, *Goldstein Trial Techniques* (3d ed.1969); *Viewing Voir Dire and Challenges,* 5 The Advocate (No. 1) 1 (March–April 1973).

to disclose certain information in response to questions by both the military judge and defense counsel. The Supreme Court has articulated a two-pronged test for determining if a new trial is required when an error arises from a juror's failure to disclose information in *voir dire:* "[A] party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. at 556, 104 S.Ct. at 850. Although *McDonough Power* is a civil case, federal Courts of Appeals have applied this test to criminal prosecutions, as well. *See, e.g., United States v. O'Neill,* 767 F.2d 780, 785 (11th Cir.1985); *United States v. McMahan,* 744 F.2d 647, 652 (8th Cir. 1984); *United States v. Perkins,* 748 F.2d 1519, 1521–33 (11th Cir.1984).[5]

▮▮▮ The Supreme Court has made clear that, where a party asserts juror nondisclosure during *voir dire* as a ground for a new trial, the normal procedure is to remand the issue to the trial court for resolution, because appellate tribunals are a poor substitute for trial courts in developing a record or for resolving factual controversies. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. at 551–52 n. 3, 104 S.Ct. at 847–48 n. 3.[6] Consistent with this direction, we will remand this case for an evidentiary hearing in accordance with *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967). *See, e.g., Smith v. Phillips, supra; Amirault v. Fair,* 968 F.2d 1404 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 602, 121 L.Ed.2d 538 (1992); *United States v. Boney,* 977 F.2d 624, 634–35 (D.C.Cir.1992); *Hard v. Burlington Northern Railroad,* 812 F.2d 482 (9th Cir. 1987). Such a hearing is especially prudent in this case for three reasons.

First, appellant submitted an extract from another case supporting the allegations of Colonel Schnapp's being a prior assault victim. This document, however, raises more questions than it answers about the circumstances of Colonel Schnapp's nondisclosure at appellant's trial. In fact, we do not know whether this matter was developed fully even in the unrelated court-martial. Importantly, although it is undisputed that Colonel Schnapp did not disclose this matter at appellant's trial, there is nothing in the present record to explain his nondisclosure.

Second, appellant has requested an evidentiary hearing and obviously is not content to rely on the record as supplemented by extracts from the prior court martial. In view of the proceeding comments, his reticence would seem reasonable.

Third, the Court of Military Review, addressing the first prong of this test (that a juror failed to answer honestly a material question on *voir dire* ), stated:

> We find it unlikely that he forgot about the robbery incident involving the use of a weapon. We also find it unlikely that he did not consider the incident a "physical attack," particularly in view of his answers during voir dire in a court-martial involving a larceny tried only three months prior to the inquiry in this case. Although we are reluctant to find that Colonel S answered the voir dire queries dishonestly, we are satisfied the he did not reveal material information.

Unpub. op. at 6. Without concluding anything one way or the other as to these observations, an evidentiary hearing is the appropriate forum to develop the full circumstances of this member's failure to disclose his being a prior victim of crime, both as to whether his nondisclosure was dishonest and as to

---

5. *But cf. United States v. Aguon,* 813 F.2d 1413, 1421–22 (9th Cir.1987)(granting relief in criminal case without citing *McDonough,* over dissent (at 1430–32) that relied on *McDonough* ), *rev'd in part, affirmed in part,* 851 F.2d 1158, 1170 (9th Cir.1988)(en banc).

6. There are "factual and legal questions to be considered in deciding whether a juror is quali-

fied. The constitutional standard" of juror impartiality is a question of law. *Patton v. Yount,* 467 U.S. 1025, 1037 n. 12, 104 S.Ct. 2885, 2891 n. 12, 81 L.Ed.2d 847 (1984). A factfinding court's conclusion as to juror bias is a factual determination that may be set aside only if clearly erroneous. *Wainwright v. Witt,* 469 U.S. 412, 435, 105 S.Ct. 844, 857–58, 83 L.Ed.2d 841 (1985).

whether, if so, a challenge for cause properly would have lain.

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to a convening authority for a hearing under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), to determine the full circumstances surrounding the member's non-disclosure during *voir dire*, whether any challenge for cause is supported by that factual record, and any other relevant facts. Thereafter, the record will be sent to the Court of Military Review for review of this issue under Article 66, Uniform Code of Military Justice, 10 USC § 866.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.