UNITED STATES, Appellee

v.

Arthur L. COMBS, Sergeant
U.S. Army, Appellant.

No. 93–1216.
CMR No. 9200793.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 11, 1994.

Decided Feb. 28, 1995.

For Appellant: *Captain Blair M. Jacobs* (argued); *Colonel Stephen D. Smith* and *Major Roy H. Hewitt* (on brief); *Lida A.S. Savonarola, Lieutenant Colonel John T. Rucker, Captain Paul H. Turney.*

For Appellee: *Captain Anthony P. Nicastro* (argued); *Colonel John M. Smith* and *Lieutenant Colonel James L. Pohl* (on brief); *Captain Robert W. Clark.*

*Opinion of the Court*

GIERKE, Judge:

1. Before a general court-martial, appellant pleaded guilty to wrongful use of cocaine and wrongful distribution of cocaine (3 specifications), in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced by officer members to a dishonorable discharge, confinement for 16 years, total forfeitures, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority reduced the confinement to 96 months but otherwise approved the sentence. The Court of Military Review * affirmed without opinion.

2. We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED IN REFUSING TO GRANT TRIAL DEFENSE COUNSEL'S MOTION FOR A POST–TRIAL SESSION TO DETERMINE WHETHER THE PANEL IN APPELLANT'S CASE IMPROPERLY CONSIDERED EXTRANEOUS MATTERS DURING THE SENTENCE DELIBERATIONS.

We hold that the military judge did not err.

3. During the sentencing hearing, appellant made an unsworn statement. After appellant finished his unsworn statement, a

* *See* 41 MJ 213, 229 n. * (1994).

court member submitted a written question to the military judge, asking whether appellant had cooperated with criminal investigators and, if so, the results of that cooperation. Defense counsel objected to the question as irrelevant; trial counsel concurred; and the military judge informed the member that his question was "inappropriate."

4. After the trial, the court reporter informed defense counsel of a court member's comment that appellant's sentence would have been "considerably less" if he had cooperated with law enforcement authorities. In a post-trial request to the convening authority, defense counsel asserted that she had asked the military judge to order a post-trial session under Article 39(a), UCMJ, 10 USC § 839(a), and RCM 1102(b)(2), Manual for Courts–Martial, United States, 1984, but the military judge had "refused to rule" on the request. The request was made during an RCM 802 conference but apparently was not reduced to writing. Defense counsel then asked the convening authority to order a post-trial session, but this request was denied.

5. Mil.R.Evid. 606(b), Manual, *supra*, provides as follows:

Upon an inquiry into the validity of the findings or sentence, a member may not testify as to any matter or statement occurring during the course of the deliberations of the members of the court-martial or, to the effect of anything upon the member's or any other member's mind or emotions as influencing the member to assent to or dissent from the findings or sentence or concerning the member's mental process in connection therewith, except that a member may testify on the question whether extraneous prejudicial information was improperly brought to the attention of the members of the court-martial, whether any outside influence was improperly brought to bear upon any member, or whether there was unlawful command influence. . . .

The same prohibition applies to affidavits and "evidence of any statement" by a court member.

■ 6. Appellant argues that the court member's comment to the court reporter reflects consideration of extraneous prejudicial information by the court members and thus fits into the first exception to the general prohibition of Mil.R.Evid. 606(b). We disagree.

7. We have considered the court member's comment for the limited purpose of determining whether it suggests that extraneous prejudicial information was considered by the court members. We find no suggestion that the answer to the prohibited question was provided to the members from extrinsic sources. This case does not involve extraneous prejudicial information; rather it only involves the possibility that some court members may have inferred appellant's lack of cooperation from the absence of evidence of cooperation. Such an inference would fall squarely within the deliberative process which is protected by Mil.R.Evid. 606(b). *Cf. United States v. Motsinger*, 34 MJ 255, 257, ¶ 10 (CMA 1992) (refusing to consider court-martial president's letter stating reasons for imposing punitive discharge); *United States v. Rice*, 25 MJ 35, 37–38 ¶ 12 (CMA 1987) (refusing to explore basis for military judge's inference that victim's hands were tied), *cert. denied*, 484 U.S. 1027, 108 S.Ct. 752, 98 L.Ed.2d 765 (1988).

■ 8. Furthermore, even if the court member's comment was evidence that the court members may have failed to heed the military judge's determination that inquiry into the subject of cooperation was "inappropriate," consideration of such evidence was prohibited by Mil.R.Evid. 606(b). *Compare United States v. Loving*, 41 MJ 213, 235–39 ¶¶ 11–18 (CMA 1994) (Gierke, J.) (consideration of affidavits not permitted to determine if court members followed instructions), *with United States v. Loving*, 41 MJ at 313–15 ¶¶ 151–55 (Wiss, J., dissenting) (consideration of affidavits permitted to determine if

unlawful command influence was exercised in deliberations).

9. For these reasons, we conclude that the military judge and the convening authority properly refused to allow inquiry into the court members' deliberations.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.