UNITED STATES, Appellee

v.

Columbus BROOKS, Jr., Sergeant First Class, U.S. Army, Appellant.

No. 95–6002.
Crim.App.Misc. No. 9401905.

U.S. Court of Appeals for
the Armed Forces.

Argued May 31, 1995.

Decided Sept. 22, 1995.

For Appellant: *Captain Richard E. Burns* (argued); *Colonel Stephen D. Smith, Major Roy H. Hewitt, Lieutenant Colonel John Richards Lee* (USAR) (on brief).

For Appellee: *Captain Joel B. Miller* (argued); *Colonel John M. Smith, Lieutenant Colonel James L. Pohl, Major Lyle D. Jentzer, Captain John P. Saunders* (on brief).

*Opinion of the Court*

GIERKE, Judge:

1. A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of assault and battery and a separate specification of aggravated assault, both on his wife, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. When the military judge asked the president of the court-martial if the members had "arrived at findings," the president responded, "Yes sir, we have come to an absolute majority on both charges—both specifications." The military judge asked, "Not a 'majority,' but by a two-thirds vote?" The president responded, "Yes, sir." The military judge inquired fur-

ther, "And it's reflected on the findings worksheet?", and the president again responded, "Yes, sir." Then the president announced the findings as stated above.

2. The sentencing hearing began but was recessed before completion. When the court-martial reconvened 2 weeks later, defense counsel asked the military judge to "voir dire the panel president concerning voting procedures" used by the members during deliberations on findings. After questioning all court members, the military judge concluded that the members had voted to acquit appellant by splitting three to three on specification 2 (aggravated assault). *See* RCM 921(c)(3), Manual for Courts-Martial, United States, 1984. He also concluded that the members had revoted several times without following the procedure for reconsideration, before convicting appellant of aggravated assault. *See* RCM 924; *see also United States v. Lawson*, 16 MJ 38, 41 (CMA 1983) ("straw poll" not prohibited). There was no evidence that any member was coerced or pressured during voting on findings.

3. The military judge announced that "the court has no option other than to grant a finding of not guilty." He then purported to find appellant not guilty of specification 2 of the Charge and, on motion by the defense, declared a mistrial as to sentence.

4. The Government appealed the military judge's decision under Article 62, UCMJ, 10 USC § 862 (1983). The Court of Criminal Appeals "vacated" the military judge's rulings, declared that "[t]he findings of guilty as announced by the members remain in effect," and ordered the record returned to the military judge. 41 MJ 792, 800 (1995).

5. We granted review of two issues:

I

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT IT HAD JURISDICTION TO HEAR THE GOVERNMENT APPEAL OF A RULING OF THE MILITARY JUDGE THAT AMOUNTED TO A FINDING OF NOT GUILTY. ART. 62, UCMJ, AND RCM 908(a).

**486**

## II

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT THE MILITARY JUDGE ABUSED HIS DISCRETION BY CONDUCTING VOIR DIRE OF THE PANEL MEMBERS AFTER THE PANEL PRESIDENT'S ABERRANT ANNOUNCEMENT OF FINDINGS.

We agree with the well-reasoned opinion of the court below.

### Issue I: Jurisdiction

6. Appellant argues that the Court of Criminal Appeals lacked jurisdiction to hear the Government's appeal because Article 62 does not permit an appeal from a finding of not guilty. The Government argues that the military judge's action was tantamount to dismissal of charges and, thus, was appealable under Article 62.

■ 7. Article 62(a)(1) provides in pertinent part that "the United States may not appeal an order or ruling that is, or that amounts to, a finding of not guilty with respect to the charge or specification." Article 62 was intended by Congress to be interpreted and applied in the same manner as the Criminal Appeals Act, 18 USC § 3731. *United States v. Lincoln*, 42 MJ 315 ¶ 26 (1995); *cf. id.* ¶¶ 51–53 (Crawford, J., concurring in part and dissenting in part); *United States v. True*, 28 MJ 1, 3 (CMA 1989).

■ 8. Although the military judge purported to enter a finding of not guilty, "the trial judge's characterization of his own action cannot control the classification of the action." *United States v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978) (citations omitted). Under the Criminal Appeals Act, "a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." An appeal is "barred only when 'it is plain that the District Court ... evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.'" *Id.* at 97, 98 S.Ct. at 2197; *see*

*United States v. Wilson*, 420 U.S. 332, 352–53, 95 S.Ct. 1013, 1026, 43 L.Ed.2d 232 (1975) (appeal from post-verdict dismissal of charges not prohibited by Double Jeopardy Clause or Criminal Appeals Act).

■ 9. In a trial with members, only the members can make findings of guilty or not guilty, unless the military judge determines under RCM 917 that "the evidence is insufficient to sustain a conviction." Here the military judge's purported finding of not guilty was not based on an evaluation of the evidence but, rather, was a response to an apparent irregularity in the voting procedures. We agree with the court below that the military judge's ruling was not an acquittal, but was instead "tantamount to a dismissal of the charge with prejudice." 41 MJ at 796. As such, it was an appealable ruling.

### Issue II: Voir Dire of Members

10. Appellant argues that the Government waived any violation of Mil.R.Evid. 606(b), Manual *supra*, by actively participating in the interrogation of court members. Alternatively, he argues that, if not waived, the restrictions of Mil.R.Evid. 606(b) are overcome by appellant's due process rights. The Government argues that trial counsel's mere acquiescence did not waive the restrictions of Mil.R.Evid. 606(b) against impeaching the findings.

■ 11. Mil.R.Evid. 606(b) provides that "a member may not testify as to any matter or statement occurring during the course of the deliberations of the members of the court-martial...." In *United States v. Loving*, 41 MJ 213, 237–39 ¶¶ 13–18 (1994), we relied on *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), to hold that Mil.R.Evid. 606(b) prohibited inquiry into whether members had followed sentencing instructions. Similarly, in *United States v. Combs*, 41 MJ 400, 401 (1995), we held that Mil.R.Evid. 606(b) prohibited inquiry into whether the members imposed a more severe sentence because the accused had not cooperated with law enforcement authorities. *See* RCM 922(e) ("Except as provided in Mil.R.Evid. 606, members may not be questioned about their deliberations

and voting."); RCM 923 (findings may be impeached only on the grounds set out in Mil.R.Evid. 606).

■ 12. This case involves inquiry into the deliberative process. None of the exceptions to Mil.R.Evid. 606(b) were triggered in this case. Accordingly, inquiry into the deliberative process was prohibited, so any evidence obtained by such inquiry was incompetent. *United States v. Loving*, 41 MJ at 236 ¶¶ 12–13. We declined to adopt a "due process" exception in *Loving* (*id.* at 238 ¶ 16) and we likewise decline to do so in appellant's case.

■ 13. We also reject appellant's request to apply waiver. Our review of the record reflects that *voir dire* of the members was requested by the defense. Trial counsel merely acquiesced in the military judge's decision to allow it. Trial counsel participated only to the extent of "some follow-up questions" after the military judge's extensive *voir dire*. Furthermore, we consider improper invasion into the court members' deliberations as going to the very heart of the trial process, so we simply will not apply waiver in such a situation.

*Mistrial*

■ 14. The military judge's mistrial ruling as to sentence was "vacated" by the decision of the court below. 41 MJ at 800. A military judge may "declare a mistrial when such action is manifestly necessary in the interest of justice." RCM 915(a). "The power to grant a mistrial should be used with great caution, under urgent circumstances, and for plain and obvious reasons." RCM 915(a), Discussion. We agree with the court below that the military judge's declaration of a mistrial, based on his improper inquiry into the deliberative process, should be vacated. Nevertheless, our decision just as theirs, 41 MJ at 800, does not preclude the military judge from again declaring a mistrial based on other grounds if, because of intervening circumstances or matters not apparent from the record of trial, such action is manifestly necessary.

*Decision*

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.