Judge ERDMANN
delivered the opinion of the Court.
Airman Michael Sonego entered a plea of guilty to wrongful use of ecstasy in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000). He was sentenced by members to a bad- *2 conduct discharge, restriction to the limits of Lackland Air Force Base for two months, forfeiture of $500 pay per month for twelve months, and a reduction in grade to E-l. The convening authority approved only the bad-conduct discharge and partial forfeitures. The findings and the approved sentence were affirmed by the United States Air Force Court of Criminal Appeals in an unpublished opinion. United States v. Sonego, 59 M.J. 477 (A.F.Ct.Crim.App.2004).
After Sonego’s trial, his defense counsel discovered that one of the panel members may have failed to answer a question honestly during voir dire. Voir dire is critical to the fairness of a court-martial. United States v. Mack, 41 M.J. 51, 54 (C.M.A.1994). A defendant’s right to a fair trial is undermined if panel members fail to answer material questions honestly during voir dire. Id. We granted review to determine whether Sonego was entitled to any post-trial relief.[1]
BACKGROUND
Sonego was accused of taking two ecstasy pills on two consecutive days in January 2002. When questioned by investigators, he immediately confessed to his misconduct. At trial Sonego pleaded guilty and was sentenced by a panel of three officer members.
During voir dire, the military judge asked the standard voir dire questions found in the Military Judges’ Benchbook. Legal Services, Dep’t of the Army, Pamphlet 27-9, Military Judges’ Benchbook ch. 2, § V, para. 2-5-1 (2001). Among the questions the military judge asked was:
It is a ground for challenge if you have an inelastic predisposition toward the imposition of a particular punishment based solely on the nature of the crime for which the accused is to be sentenced. Does any member, having read the charge and specification!;,] believe that you would be compelled to vote for any particular punishment solely because of the nature of the charge?
See id. Captain Bell, who was a potential member, answered “no” and was subsequently seated on the panel. He was not called for individual voir dire.
Bell was an active participant in the sentencing proceedings. When the first witness was testifying, Bell was the only panel member to respond to a question from the military judge about the members’ ability to hear the testimony. During the defense’s ease, after Sonego’s mother had testified about Sonego’s background and character, Bell asked the military judge whether the members would have access to documents that would show whether Sonego had used drugs before he enlisted in the Air Force.
During the deliberations the members sent a note to the military judge asking if there were any discharge options available other than a bad-conduct discharge. The military judge called the members in and explained that the only discharge option available to the court was a bad-conduct discharge. When the military judge asked if there were any further questions, Bell asked whether there would be mandatory confinement time associated with a punitive discharge. The military judge told the court that confinement was not required even if Sonego was sentenced to a bad-conduct discharge.
Nearly a month after the trial, Sonego’s trial defense counsel, Captain Page, was representing another airman in a drug case when Bell was again selected to sit on the panel. During voir dire in the second case, Bell expressed a predisposition that any ser-vicemember convicted of a drug offense should receive a bad-conduct discharge. Bell was subsequently challenged for cause and removed from the panel.
No transcript was made in the second case because it resulted in an acquittal, but Page later drafted a sworn declaration in which he recounted Bell’s different responses in the two cases. Page’s declaration did not include the specific wording of any questions asked *3 of the panel in general or of Bell in particular. On appeal to the Court of Criminal Appeals, Sonego requested a new sentence proceeding that was supported by Page’s declaration. That court denied the request on the ground that Sonego had not demonstrated that Bell failed to answer any question honestly.
Before this Court, Sonego argues that Bell failed to reveal his true beliefs during voir dire, and, that had he revealed his true feelings about drug use by members of the military, Bell could have been successfully challenged for cause. Sonego argues that his sentence — which included a bad-conduct discharge but no confinement — was so moderate as to indicate that he might have avoided a punitive discharge altogether if Bell had not been a member of the panel. Sonego further argues that he should be given a new sentence hearing, or, in the alternative, a trial-level evidentiary hearing to develop the facts further.
The Government’s response was that Sone-go is not entitled to a new sentence hearing or even an evidentiary hearing because he has not established that Bell failed to disclose information during voir dire. The Government argues that the accused must make a prima facie showing of nondisclosure before an evidentiary hearing can be ordered.
DISCUSSION
In McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), the United States Supreme Court set out the test for determining when a party is entitled to a new trial due to an incorrect voir dire response: “[T]o obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause.” We adopted this test in Mack, and held that “where a party asserts juror nondisclosure during voir dire as a ground for a new trial, the normal procedure is to remand the issue to the trial court for resolution.” 41 M.J. at 55. In United States v. Humpherys, we reiterated, “[A]n evidentiary hearing is the appropriate forum in which to develop the full circumstances surrounding each of [the Mack/McDonough] inquiries.” 57 M.J. 83, 96 (C.A.A.F.2002). We did not order an evidentiary hearing in Humpherys, however, because the military judge had already conducted a post-trial session under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), after which he applied the McDonough test. 57 M.J. at 95.
Although an evidentiary hearing is the usual procedure for resolving claims of juror dishonesty, we have not had the occasion to address the measure of proof required to trigger an evidentiary hearing. The measure of proof required to trigger a McDonough evidentiary hearing is a question where the federal circuits have differed. Of the eight circuits that have addressed this issue, six have adopted a standard that requires something less than proof of juror dishonesty before a hearing is convened. See United States v. Carpa, 271 F.3d 962, 967 (11th Cir.2001); Pope v. Man-Data, Inc., 209 F.3d 1161, 1163 (9th Cir.2000); United States v. Tucker, 137 F.3d 1016, 1026 (8th Cir.1998); United States v. Boney, 977 F.2d 624, 634-35 (D.C.Cir.1992); United States v. Boylan, 898 F.2d 230, 258 (1st Cir.1990); United States v. Cattle King Packing Co., Inc., 793 F.2d 232, 243 (10th Cir.1986).
While some of the circuits have declined to establish a particular test, choosing instead to leave the decision within the broad discretion of the deciding court, the Ninth Circuit has held that “ ‘[a] court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances.’ ” Pope, 209 F.3d at 1163 (quoting Dyer v. Calderon, 151 F.3d 970, 974 (9th Cir.1998)). The First Circuit has also adopted the “colorable claim” rule. See Boylan, 898 F.2d at 258. The Eighth Circuit has held that “a movant who makes a sufficient showing of McDonough-type irregularities is *4 entitled to the court’s help in getting to the bottom of the matter.” Tucker, 137 F.3d at 1026.[2]
The standard urged by the Government — a prima facie showing — would swallow the first prong of the McDonough test. It is unreasonable to expect an appellant to produce prima facie proof of juror dishonesty without the benefit of an evidentiary hearing or other fact-finding procedure where the evidence may be fully developed. We conclude that the “colorable claim” test used by the First and Ninth Circuits provides the better test because it eliminates frivolous claims but keeps the door open for claims that may prove valid upon further examination. This Court has adopted the “colorable claim” test in other contexts. See, e.g., United States v. Taylor, 60 M.J. 190, 195 (C.A.A.F.2004) (prejudice due to post-trial error); United States v. Campbell, 57 M.J. 134, 138 (C.A.A.F.2002) (appellate discovery); United States v. Douglas, 56 M.J. 168, 170 (C.A.A.F.2001) (violation of rights under United States v. Grostefon, 12 M.J. 431 (C.M.A.1982)); United States v. Diaz-Duprey, 51 M.J. 168 (C.A.A.F.1999) (ineffective assistance of counsel).
Here, Sonego has made a colorable claim of juror dishonesty. His attorney, an officer of the court, has declared under penalty of perjury that a panel member provided a contradictory voir dire response on a critical issue less than one month after Sonego’s trial.[3] The Government argues that this proof falls short because Sonego has not and cannot establish what Bell was thinking when he answered “no” to the voir dire question. It is true that Sonego’s proof does not provide prima facie evidence that Bell failed to answer the voir dire question honestly. It does, however, provide a colorable claim sufficient to trigger an evidentiary hearing. It is a question of fact whether Bell answered honestly when he was questioned about his predispositions and Sonego is entitled to an evidentiary hearing at which he can fully develop the answer to this question.
Thus, the Air Force court erred by failing to order an evidentiary hearing in accordance with United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967).
DECISION
The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to the convening authority to order a hearing to resolve questions of fact and make conclusions of law with respect to whether the McDonough test for a new trial due to juror nondisclosure during voir dire has been met. Upon completion of these proceedings, the record, along with the military judge’s findings of fact and conclusions of law, shall be returned to the convening authority for further consideration and action, to include setting aside the original action and ordering a new sentence hearing, if appropriate.
In the event that the convening authority deems such a hearing impracticable, the convening authority shall set aside the action and either order a rehearing on the sentence or take action approving a sentence of no punishment.
Upon completion of proceedings below, the record of trial shall be sent directly to the Air Force Court of Criminal Appeals for review. Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2000), shall apply.

. We granted review of the following issue:
WHETHER APPELLANT IS ENTITLED TO AN IMPARTIAL SENTENCE REHEARING WHERE, DURING VOIR DIRE, A PANEL MEMBER FAILED TO DISCLOSE HIS BELIEF THAT EVERY SERVICEMEMBER WHO USES DRUGS SHOULD GET A PUNITIVE DISCHARGE.

. Unlike the First, Eighth, Ninth, Tenth, Eleventh and District of Columbia Circuits, the Second Circuit has held that a post-trial hearing is only necessary if the party requesting the hearing can produce "clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial of a defendant.” United States v. Moon, 718 F.2d 1210, 1234 (2d Cir.1983) (citation omitted). The Fifth Circuit requires that the movant establish a prima facie case under McDonough before an evidentiary hearing is required. Montoya v. Scott, 65 F.3d 405, 420 (5th Cir.1995).

. The parties do not dispute that an inelastic predisposition toward a particular punishment is a valid basis for a challenge for cause. United States v. Tippit, 9 M.J. 106 (C.M.A.1980).