# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ERIK A. HOLLINGSWORTHMATA**
**United States Army, Appellant**

ARMY 20100752

Headquarters, Eighth United States Army
T. Mark Kulish, Military Judge
Colonel Jeffrey D. Pedersen, Staff Judge Advocate

For Appellant:  Mr. Stephen H. Carpenter, Jr., Esquire (argued); Captain A. Jason Nef, JA; Mr. Stephen H. Carpenter, Jr., Esquire (on brief); Captain Kristin B. McGrory, JA.

For Appellee:  Captain Sean P. Fitzgibbon, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

28 December 2012

----------------------------------
OPINION OF THE COURT
----------------------------------

GALLAGHER, Judge:

A panel composed of officer and enlisted members convicted appellant, contrary to his pleas, of forcible sodomy in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for twenty-four months, and forfeiture of all pay and allowances.  The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-four months, and forfeiture of all pay and allowances.[1]  This case is

---

[1]  As noted by the government, the convening authority's action purported to approve a reduction to the grade of E-1 that was not adjudged.  Appellant was not prejudiced by this error.

before our court for review under Article 66, UCMJ. Pursuant to our review, the assigned issue[2] merits discussion, but no relief.

## FACTS

During *voir dire*, the military judge presented the members with standard questions involving the presumption of innocence and the burden of proof. Defense counsel, during collective *voir dire*, asked the following question: "[i]n a court-martial the accused has the right not to testify, do you believe that an accused who does not testify is more likely to be guilty than an accused that does testify?" The members all provided a negative response. Appellant did not testify during the merits portion of his court-martial. On findings, the defense requested and received an instruction that the members were not to draw "any inference adverse to the accused from the fact that he did not testify as a witness. The fact that the accused has not testified must be disregarded by you." The military judge also instructed the defense "has no obligation to present any evidence or to disprove the elements of the offense."

Appellant also did not testify or make an unsworn statement during the sentencing portion of his court-martial. On sentencing, the military judge again instructed the members they were not to draw any adverse inference from the "fact that the accused did not elect to testify in the sentencing proceedings or otherwise make a statement in the sentencing proceedings."

Three weeks after appellant's court-martial adjourned, Sergeant First Class (SFC) CD, one of appellant's panel members, while participating as a witness at an unrelated court-martial, made a statement which apparently referred to appellant's failure to testify at his court-martial. Mr. DK, a defense attorney who heard SFC CD's statement, prepared an affidavit. In the affidavit, Mr. DK avers that while explaining his client's verdict to the defense witnesses in the waiting room, SFC CD asked if Mr. DK's client had testified. According to Mr. DK, SFC CD commented that he had sat on a panel two weeks ago where the accused did not testify, and specifically stated, "we felt that if he did not care about his case enough to testify, why should we?" The next day, while waiting for the sentencing decision, SFC CD asked if Mr. DK's client had testified on sentencing and stated that "the accused two weeks ago when he was a panel member did not testify and the panel felt that was a sign of guilt." Mr. DK also stated "[e]ach time SFC CD spoke about his panel deliberations, he spoke in plural and his statements were unsolicited."

Based on the contents of the affidavit, appellant filed a motion to set aside the findings and sentence and to order a new trial based upon fraud on the court by

---

[2] [WHETHER] APPELLANT'S CONSTITUTIONAL AND REGULATORY RIGHT TO A FAIR AND IMPARTIAL PANEL WAS VIOLATED BY THE MISCONDUCT OF PANEL MEMBERS.

the panel members, asserting the members lied to the court during *voir dire*. A post-trial Article 39a, UCMJ, session was held. The military judge found the means and measures cited by the United States Supreme Court in *Tanner v. United States*, 483 U.S. 107, 127 (1987), to protect the jury system were present in this case, including *voir dire* and instructions, both oral and written. The military judge also found the affidavit did not fit any of the exceptions to the general rule of prohibition against inquiry into members' deliberations contained in Military Rule of Evidence [hereinafter Mil. R. Evid.] 606(b). Accordingly, the military judge denied the defense motion, ruling that the only evidence with regard to "whether the members were actually lying to the court" was Mr. DK's affidavit, and that consideration of Mr. DK's affidavit was precluded by Mil. R. Evid. 606(b).

On appeal, appellant argues the members and/or SFC CD individually were dishonest in answering *voir dire* questions or failed to comply with a continuing duty of candor to the court. He asserts such dishonesty amounts to a fraud upon the court and entitles appellant to a new trial. The government, meanwhile, argues any inquiry into this issue is prohibited by Mil. R. Evid. 606(b).

## LAW

"A military judge's decision to admit or exclude evidence is reviewed for an abuse of discretion." *United States v. Durbin*, 68 M.J. 271, 273 (C.A.A.F. 2010) (citations omitted). *See also United States v. Martinez-Moncivais*, 14 F.3d 1030, 1036 (5th Cir. 1994) (stating that the suppression of evidence of juror misconduct under Federal Rule of Evidence [hereinafter Fed. R. Evid.] 606(b) is reviewed for an abuse of discretion) (citations omitted).

Mil. R. Evid. 606(b) states, in pertinent part, as follows:

> Upon an inquiry into the validity of the findings or sentence, a member may not testify as to any matter or statement occurring during the course of the deliberations of the members of the court-martial or, to the effect of anything upon the member's or any other member's mind or emotions as influencing the member to assent to or dissent from the findings or sentence or concerning the member's mental process in connection therewith . . . .

Mil. R. Evid. 606(b) recognizes three exceptions to this general rule: "[1] whether extraneous prejudicial information was improperly brought to the attention of the members of the court-martial, [2] whether any outside influence was improperly brought to bear upon any member, or [3] whether there was unlawful command influence." Military Rule of Evidence 606(b) also prohibits receipt of an affidavit

3

from a member or "evidence of any statement by the member concerning a matter about which the member would be precluded from testifying . . . ."

"[Military Rule of Evidence] 606(b) is taken from Fed.R.Evid. 606(b). Except for changes to reflect court-martial terminology, Mil.R.Evid. 606(b) is identical to Fed.R.Evid. 606(b) with one addition:  the reference to unlawful command influence." *United States v. Loving*, 41 M.J. 213, 235 (C.A.A.F. 1994). *See also United States v. Straight*, 42 M.J. 244, 249 (C.A.A.F. 1995) (citing Mil. R.Evid. 606(b) analysis at A22–41 (1994 ed.); *Loving*, 41 M.J. at 235).  "The purpose of this rule is to protect 'freedom of deliberation,' protect 'the stability and finality of verdicts,' and protect court members 'from annoyance and embarrassment.'" *Loving*, 41 M.J. at 236 (citing *United States v. Bishop*, 11 M.J. 7, 9 (C.M.A. 1981)); *see also Tanner*, 483 U.S. at 124–27.

Rule for Courts-Martial 923 provides that findings may only be impeached upon the grounds set forth in Mil. R. Evid. 606(b). *United States v. Brooks*, 42 M.J. 484, 487 (C.A.A.F. 1995).  Panel member affidavits or testimony concerning deliberations may only be considered to determine if an exception under Mil. R. Evid. 606(b) is raised. *Straight*, 42 M.J. at 250; *United States v. Combs*, 41 M.J. 400, 401 (C.A.A.F. 1995); *Loving*, 41 M.J. at 238; *United States v. Accordino*, 20 M.J. 102, 105 (C.M.A. 1985).

In *Loving*, our superior court stated "[t]he federal Courts of Appeals have uniformly refused to consider evidence from jurors indicating that the jury ignored or misunderstood instructions in criminal cases." *Id*. at 236. *See also Combs*, 41 M.J. at 401 (finding that "even if the court member's comment was evidence that the court members may have failed to heed the military judge's" . . . [instructions,] "consideration of such evidence was prohibited by Mil.R.Evid. 606(b).").

The court in *United States v. Kelley*, 461 F.3d 817 (6th Cir. 2006), faced a similar juror comment to the one made in appellant's case.  In *Kelley*, a juror told a local newspaper "I was also struck by the fact that neither of the Kelleys testified. If they were innocent, they would have testified." *Id*. at 831.  The question before the court was "whether a juror's consideration of a defendant's failure to testify constitutes a permissible internal influence or an impermissible external or extraneous influence" falling within the exceptions outlined in Fed. R. Evid. 606(b). *Id*.  The court agreed with the United States Courts of Appeal for the Third, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits and held that because the juror "did not learn of the Kelleys' failure to testify through improper channels" or through outside contact, "a juror's discussion regarding [appellant's failure to testify] does not fall within either [Fed. R. Evid.] 606(b) exception." *Id*. at 832. (citations omitted).

Finally, a new trial due to errors during *voir dire* is only warranted when "a party . . . first demonstrate[s] that a juror failed to answer honestly a material

4

question on *voir dire,* and then further show[s] that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). *United States v. Mack*, 41 M.J. 51 (C.M.A. 1994), made the *McDonough* test applicable to military courts-martial. *Id.* at 55–56. *See also United States v. Albaaj*, 65 M.J. 167 (C.A.A.F. 2007); *United States v. Sonego*, 61 M.J. 1 (C.A.A.F. 2005).

## DISCUSSION

The statements attributed to SFC CD in Mr. DK's affidavit constitute information obtained from a court-martial member about the panel deliberations. The statements attributed to SFC CD unambiguously reference the feelings of the panel members collectively at the time of deliberations. As such, it may not be considered by this or any other court unless "the information fits within one of the exceptions to Mil.R.Evid. 606(b)." *Straight*, 42 M.J. at 249. Appellant does not allege that one of the exceptions identified in M.R.E. 606(b) apply to this case and we find that none of these exceptions are triggered in this case.

Appellant argues, in reliance on *Sonego*, that this is not a case requiring inquiry into the deliberative process of the members, but instead is a case about appellant's right to a fair and impartial court-martial panel. Appellant posits the members must have lied during *voir dire,* or failed to abide by a continuing duty of candor to the court, because they averred to the court they would not hold it against appellant if he did not testify, but SFC CD's statements indicate the members did then use appellant's silence as evidence of guilt.

*Sonego*, however, does nothing to encroach upon the blanket prohibition contained in Mil. R. Evid. 606(b) against considering evidence of panel deliberations for anything other than assessing the recognized exceptions. *Sonego* relied upon evidence independent of the deliberative process, which is a recognized means of exploring undisclosed biases. Incompetent evidence, such as that presented here, may not be used to satisfy the *McDonough/Mack* test. In *Loving*, the court recognized "that the presumption of compliance with the military judge's instructions can be rebutted by competent evidence to the contrary. The pivotal question . . . is whether the affidavits [at issue] are competent evidence." *Loving*, 41 M.J. at 235. In this case, no competent evidence has been presented to raise a colorable claim that any member provided false information at the time of *voir dire*. Additionally, no competent evidence raises a colorable claim that at any time prior to the start of deliberations, SFC CD, or any other member, held a bias against an accused who fails to testify. Thus, "in the absence of any competent evidence to the contrary, we hold that the court members followed the military judge's correct instructions . . . ." *Id.* at 239.

Repackaging these statements concerning deliberations as a *voir dire* issue to circumvent the Mil. R. Evid. 606(b) prohibition has also been considered and rejected by the federal courts. *See United States v. Benally*, 546 F.3d 1230, 1236 (10th Cir. 2008) (finding that "allowing juror testimony through the backdoor of a voir dire challenge risks swallowing [Fed. R. Evid. 606(b)]"); *Williams v. Price*, 343 F.3d 223, 236 (3d Cir. 2003) (stating that "*Tanner* implies that the Constitution does not require the admission of evidence that falls within [Fed.R.Evid.] 606(b)'s prohibition" and "allowing a juror to testify for the purpose of showing that another juror lied during voir dire may not be viewed as much different from permitting an inquiry into the decision-making process itself."); *Marcavage v. Bd. of Trustees of Temple Univ.*, 400 F. Supp. 2d 801, 807 (E.D. Pa. 2005) (refusing "to consider statements made during jury deliberations only as to whether a juror lied during *voir dire*" and declining to make an exception to the "categorical prohibition against testimony on matters and statements occurring during jury deliberations."); *see also United States v. Snipes*, 751 F. Supp. 2d 1279, 1283–85 (M.D. Fla. 2010); *Ida v. United States*, 191 F. Supp. 2d 426, 436–39 (S.D.N.Y. 2002). Although what occurred in the deliberations room may have affected appellant's right to remain silent, "[the Court of Appeals for the Armed Forces] declined to adopt a 'due process' exception in *Loving*, . . . and we likewise decline to do so in appellant's case." *Brooks*, 42 M.J. at 487.

The statements attributed to SFC CD concern precisely what Mil. R. Evid. 606(b) prohibits from being received into evidence "[u]pon an inquiry into the validity of the findings or sentence." The military judge correctly cited and applied the law to the facts in this case. The military judge correctly noted the sole evidence upon which appellant's argument rests is "from the protected sphere of the member's deliberations." Thus, the military judge did not abuse his discretion in denying appellant's motion to set aside the findings and sentence. The military judge also did not abuse his discretion in denying appellant's motion to order a new trial.

## CONCLUSION

On consideration of the entire record, the submissions of the parties, and oral argument, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court