# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, A.Y. MARKS, B.T. PALMER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**NICHOLAS F. LANZAFAME**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201500227**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 6 March 2015.
**Military Judge:** LtCol L.J. Francis, USMC.
**Convening Authority:** Commanding Officer, 3d Battalion, 7th Marine Regiment, 1st Marine Division (Rein), Twentynine Palms, CA.
**Staff Judge Advocate's Recommendation:** LtCol D.R. Kazmier, USMC.
**For Appellant:** LT Christopher C. McMahon, JAGC, USN.
**For Appellee:** LT James M. Belforti, JAGC, USN; Capt Matthew M. Harris, USMC.

**12 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court martial panel of members with enlisted representation convicted the appellant of five specifications of disobeying a lawful general order and two specifications of assault consummated by a battery in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928. The members sentenced the appellant to a bad-conduct discharge, which the convening authority approved.[1]

---

[1] On 23 February 2016, the Naval Clemency and Parole Board (NCPB) upgraded the appellant's discharge to a general administrative discharge. However, this court retains appellate jurisdiction. *United States v. Olinger*, 45 M.J. 644, 646 (N.M.Ct.Crim.App. 1997) ("[N]otwithstanding the NCPB action remitting the bad-conduct discharge,

In his sole assignment of error, the appellant alleges that a member of his panel may have provided dishonest *voir dire* responses and that this court should therefore order a post-trial inquiry to determine if a new trial is warranted. We disagree and find that no error materially prejudicial to the appellant's substantial rights was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was convicted of various offenses involving hazing junior Marines. During *voir dire*, the military judge gave a number of instructions to the potential members, including:

> I will instruct you on the law to be applied in this case, which you have just sworn to follow. You are required to follow the Court's instructions on the law[.][2]
>
> . . . .
>
> [The accused] must be presumed to be innocent until and unless his guilt is established by legal and competent evidence beyond a reasonable doubt . . . the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the government. . . Does any member feel they cannot follow this instruction? That's a negative response from all members.[3]
>
> The burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the government. The burden never shifts to the accused to establish innocence or disprove the facts necessary to establish each element of the offenses alleged. Is there any member who cannot follow this instruction? That's a negative response from all members.[4]

Counsel for both sides also questioned the members regarding the presumption of innocence and the burden of proof:

> [D]oes every member understand that it is the government's burden alone to prove this case beyond a reasonable doubt? . . . That's an affirmative response from all members.[5]. . . Does everyone understand that the presumption of innocence means that the default verdict must be not guilty unless the government provides you with evidence that convinces you, beyond a reasonable doubt, of [the accused]'s guilt? Let the record reflect an affirmative response by all

---

this court acquired jurisdiction to review the case under Article 66(b), UCMJ, 10 U.S.C. § 866(b). Jurisdiction under Article 66 . . . is dependent solely upon the sentence approved by the convening authority and whether appellate review has been waived or withdrawn. Jurisdiction is not based upon actions of the NCPB.")

[2] Record at 61.

[3] *Id.* at 69.

[4] *Id.* at 70.

[5] *Id.* at 73.

2

members.[6] . . . Does everyone understand that [the accused] has no duty to present any evidence whatsoever in this court martial to prove his innocence? Let the record reflect an affirmative response from all members.[7]

After adjournment, the trial and defense counsel met with the members for professional development purposes.[8] Civilian defense counsel (CDC) avers in an affidavit that during this meeting Staff Sergeant (SSgt) N stated, "I believe the defense had an obligation to provide more character witnesses and specific facts regarding the accused['s] military character during the time period of the alleged hazing. The defense did not offer enough evidence to prove [the appellant's] innocence."[9]

## Discussion

The appellant now claims that SSgt N's statements during the post-trial debrief raise a "colorable claim" of member dishonesty triggering the necessity for a *DuBay* hearing to determine whether a new trial is warranted. The Government responds that CDC's affidavit is not "competent evidence" under MILITARY RULE OF EVIDENCE 606(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

Issues of member dishonesty are reviewed *de novo*. *United States v. Modesto*, 43 M.J. 315, 320 (C.A.A.F. 1995). To obtain a new trial based on an allegation of member dishonesty, the appellant must show (1) that a member was dishonest in answering a material question during *voir dire* and (2) that had the correct response been provided, it would have provided a valid basis for a challenge for cause. *United States v. Sonego*, 61 M.J. 1, 3 (C.A.A.F. 2005). The threshold question is whether the appellant has produced competent evidence that SSgt N was dishonest. In light of the limitations of MIL. R. EVID. 606(b), we hold that he has not.

Inquiry into the deliberative process is an exceptional matter that is specifically limited by MIL. R. EVID. 606(b). *United States v. Brooks*, 42 M.J. 484, 487 (C.A.A.F. 1995). MIL. R. EVID. 606(b)(1) states: "During an inquiry into the validity of a finding or sentence, a member of a court martial may not testify about any statement made or incident that occurred during the deliberations of that court martial; the effect of anything on that member's or another member's vote; or any member's mental processes concerning the finding or sentence. The military judge may not receive a member's affidavit or evidence of a member's statement on these matters." Member testimony is only permitted about whether any of the three exceptions to the general inquiry prohibition under MIL. R. EVID. 606(b)(2) exists: (1) extraneous prejudicial information was improperly brought to the members' attention; (2) unlawful command influence or any other

---

[6] *Id.* at 78.

[7] *Id.* at 79.

[8] Clemency Request dated 18 May 2015, enclosure 1.

[9] *Id.*

outside influence was improperly brought to bear on any member; or (3) a mistake was made in entering the finding or sentence on the finding or sentence forms.[10]

"Except for changes to reflect court-martial terminology, MIL. R. EVID. 606(b) is identical to FED. R. EVID. 606(b) with one addition: the reference to unlawful command influence." *United States v. Loving*, 41 M.J. 213, 235 (C.A.A.F. 1994) (citation omitted). It is well-settled that evidence concerning deliberations may only be considered to determine if an exception under MIL. R. EVID. 606(b) is raised. *United States v. Straight*, 42 M.J. 244, 250 (C.A.A.F. 1995); *United States v. Combs*, 41 M.J. 400, 401 (C.A.A.F. 1995); *Loving*, 41 M.J. at 238; *United States v. Accordino*, 20 M.J. 102, 105 (C.M.A. 1985). These limitations are intended to "protect 'freedom of deliberation,' protect 'the stability and finality of verdicts,' and protect court members 'from annoyance and embarrassment.'" *Loving*, 41 M.J. at 236 (citation omitted). To further these protections, MIL. R. EVID. 606(b) is a "blanket prohibition [which] applies to testimony of court members about 'any matter,'" and "makes incompetent any testimony from jurors about the decision-making process of the jury as well as the mental processes of individual jurors." *Id.* (holding that affidavits regarding whether panel President followed the military judge's instructions were "not competent evidence" under M.R.E. 606(b)); *Combs*, 41 M.J. at 401 (finding that "even if the court member's comment was evidence that the court members may have failed to heed the military judge's . . . [instructions,] consideration of such evidence was prohibited by MIL. R. EVID. 606(b).") (citations omitted); *United States v. Hollingsworthmata*, 72 M.J. 619, 622-23 (Army Ct.Crim.App. 2012) (holding that an affidavit indicating members failed to follow military judge's instruction regarding the accused's right to remain silent did not fall within exceptions to MIL. R. EVID. 606(b)).

The CDC's affidavit attributes statements to SSgt N regarding how the member understood or applied the military judge's instructions on the presumption of innocence. As such, they are certainly part of the deliberative process. The affidavit is therefore not competent evidence to inquire "into the validity of a finding" unless the information fits within one of the exceptions listed in MIL. R. EVID. 606(b)(2). The appellant does not allege, and we do not find, that any of the exceptions apply. *See* R.C.M. 923, Discussion ("[M]isapplication of the law is not a proper basis for challenging the findings.").

Instead, the appellant seeks to distinguish his case by claiming "the issue in this case does not concern what happened in the deliberations room [but] . . . whether SSgt N gave honest answers during *voir dire* and whether he followed the military judge's instructions."[11] However, this logic has been considered and rejected. Recently, the Supreme Court held that "Rule 606(b) applies to juror testimony during a proceeding in which a party seeks to secure a new trial on the ground that a juror lied during *voir dire*." *Warger v. Shauers*, 135 S. Ct. 521, 525 (2014). "As enacted, Rule 606(b) prohibited the use of *any* evidence of juror deliberations, subject only to the express exceptions for extraneous information and outside influences." *Id.* at 527. "Even if jurors lie in *voir dire* in a way that conceals bias, juror impartiality is adequately assured by the

---

[10] This rule was amended in 2013 to add the third noted exception and "for stylistic reasons." The amendments for "stylistic reasons" were "not intend[ed] to change any result in any ruling on evidence admissibility." Drafter's Analysis of MIL. R. EVID. 606, A22-54, Supplement to MCM (2012 Edition).

[11] Appellant's Brief of 11 Jan 2016 at 10.

parties' ability to bring to the court's attention any evidence of bias before the verdict is rendered, and to employ nonjuror evidence even after the verdict is rendered." *Id. at 529. See also, United States v. Benally*, 546 F.3d 1230, 1236 (10th Cir. 2008) ("allowing juror testimony through the backdoor of a voir dire challenge risks swallowing [FED. R. EVID. 606(b)]"); *Williams v. Price*, 343 F.3d 223, 236 (3d Cir. 2003) ("allowing a juror to testify for the purpose of showing that another juror lied during voir dire may not be viewed as much different from permitting an inquiry into the decision-making process itself."); *Marcavage v. Bd. of Trustees of Temple Univ.*, 400 F. Supp. 2d 801, 807 (E.D. Pa. 2005) (declining to make an exception to the "categorical prohibition against testimony on matters and statements occurring during jury deliberations," court refused to consider "statements made during jury deliberations as to whether a juror lied during *voir dire*"). *Compare*, *Sonego*, 61 M.J. at 4 (evidence that member may have been untruthful during *voir dire* competent since contradictory statement was provided at a later *voir dire*); *United States v. Mack*, 41 M.J. 51, 53-55 (C.M.A. 1994) (evidence that member may have provided misleading response during *voir dire* competent since such evidence was discovered wholly independent of deliberative process).

Nonetheless, the appellant relies upon *Sonego* for the proposition that juror dishonesty during *voir dire* requires an evidentiary hearing to determine whether a challenge for cause would have been successful. However, as our sister court has held:

> *Sonego*, however, does nothing to encroach upon the blanket prohibition contained in MIL. R. EVID. 606(b) against considering evidence of panel deliberations for anything other than assessing the recognized exceptions. *Sonego* relied upon evidence independent of the deliberative process, which is a recognized means of exploring undisclosed biases. . . . In this case, [defense counsel's affidavit declaring that a member stated that the accused's failure to testify "was a sign of guilt" was not] competent evidence . . . . Repackaging these statements concerning deliberations as a *voir dire* issue to circumvent the [M.R.E.] 606(b) prohibition [was also rejected].

*Hollingsworthmata*, 72 M.J. at 622. We agree with this analysis and hold that the appellant has failed to produce competent evidence of member dishonesty.

### Conclusion

The findings and the sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

5