UNITED STATES, Appellee

v.

Jessica E. McFADDEN, Airman First Class
U.S. Air Force, Appellant

No. 12-0501

Crim. App. No. 37438

United States Court of Appeals for the Armed Forces

Argued October 7, 2014

Decided March 3, 2015

STUCKY, J., delivered the opinion of the Court, in which ERDMANN
and RYAN, JJ., joined.  OHLSON, J., filed a separate dissenting
opinion, in which BAKER, C.J., joined.


<u>Counsel</u>

For Appellant:  Captain Michael A. Schrama (argued).

For Appellee:  Captain Richard J. Schrider (argued); Gerald R.
Bruce, Esq. (on brief).

Military Judge:  William M. Burd


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

Judge STUCKY delivered the opinion of the Court.

After Appellant testified on her own behalf, a court member asked if she was aware of the concept of lying by omission.  We granted Appellant's petition for review to consider whether the military judge abused his discretion by failing to grant a mistrial or to sua sponte excuse the court member.  We hold that the military judge did not abuse his discretion in not granting the mistrial, and he did not have a sua sponte duty to excuse the member.

## I.  Posture of Case

Appellant was charged with conspiracy to desert her unit, two specifications of desertion, and making a false official statement.  Articles 81, 85, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 885, 907 (2012).  To each of the two desertion specifications, Appellant pled not guilty but guilty of absence without leave.  Article 86, UCMJ, 10 U.S.C. § 886 (2012).  She pled not guilty to the other charges.  A general court-martial composed of members convicted Appellant of absence without leave, desertion, conspiracy, and making a false official statement.  Court members sentenced her to a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, reduction to the lowest enlisted grade, a fine of $1,650, and additional confinement of thirty-six days if she failed to pay the fine.  Except for the

contingent confinement, the convening authority approved the adjudged sentence.

The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and the approved sentence. United States v. McFadden, No. 37438, 2012 CCA LEXIS 90, at *4, 2012 WL 1059023, at *1 (A.F. Ct. Crim. App. Mar. 15, 2012) (unpublished). We granted review to decide whether the military judge abused his discretion by failing to excuse a court member, and vacated and remanded the case to the CCA to consider the granted issue in light of United States v. Nash, 71 M.J. 83 (C.A.A.F. 2012), without prejudice to raise other issues. United States v. McFadden, 71 M.J. 403 (C.A.A.F. 2012) (summary disposition).

In an opinion by Judge Soybel, a civilian appointed as an appellate military judge by the Secretary of Defense, a panel of the CCA held that the military judge did not abuse his discretion in failing to excuse the member. United States v. McFadden, No. 37438 (f rev), 2013 CCA LEXIS 240, at *2, *11, 2013 WL 1319455, at *4 (A.F. Ct. Crim. App. Mar. 19, 2013) (unpublished). This Court set aside the CCA's judgment and returned the case for further review in light of the Supreme Court's opinion in Ryder v. United States, 515 U.S. 177 (1995) (concerning the method of appointing civilians as appellate military judges), and United States v. Carpenter, 37 M.J. 291

3

(C.M.A. 1993), vacated, 515 U.S. 1138 (1995).  United States v. McFadden, 73 M.J. 41 (C.A.A.F. 2013) (summary disposition).  A panel of the CCA that did not include Judge Soybel affirmed the findings and approved sentence.  United States v. McFadden, No. 37438 (f rev), 2013 CCA LEXIS 814, at *12, 2013 WL 5436703, at *4 (A.F. Ct. Crim. App. Sept. 26, 2013).

## II.  Facts

At trial, Appellant testified on her own behalf that she never intended to remain away from her unit permanently, she always planned to return to the military, and she did eventually turn herself in to military control.  The military judge asked Appellant if she told either of the investigators who interviewed her that she intended to return.  The defense did not object to the question or ask for an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), hearing.  Appellant answered:  "Oh. I don't believe they ever asked."  The Government then asked if Senior Airman (SrA) Acree, another military investigator, had asked her if she intended to come back.  The defense objected on the ground that the question was beyond the scope of permissible cross-examination.  The military judge overruled the defense objection.  Appellant answered:  "Yes, sir, but I used my right to remain silent at the time."

Major Cereste, a court member, and Appellant then engaged in the following exchange:

Q. My next question is: You testified today on numerous accounts of overt deception, and to me you seem to have a heightened intuition of other people's motives. For example, you were aware that perhaps Airman Dover might tell people X, Y, Z, so you told her certain things. Have you also heard of lying by omission -- so -- exercising your right to remain silent. So, how is your testimony today regarding never intending to desert the Air Force permanently different from your previous pattern of deception?

A. Because, before, I had never formed the intent to remain away permanently. And I've already admitted to going AWOL, which I take responsibility for, but I don't want people to think that intent was to never come back.

During a subsequent Article 39(a) hearing, the defense moved for a mistrial, asserting that, "[a]s a direct result of that line of questioning, Major Cereste . . . accused Airman McFadden of lying by omission by exercise of her right to remain silent."[1] The military judge declined to grant the mistrial but offered to instruct the panel. The military judge solicited appropriate language for the curative instruction from the defense and based his instruction on that language: "You may not consider the accused's exercise of her right to remain silent in any way adverse to the accused. You may not consider such exercise as lying by omission." The military judge so instructed the members at the next open session of the court-

---

[1] This issue could have been avoided had the military judge reviewed and ruled on the court member's questions before permitting them to be posed to Appellant. See Military Rule of Evidence 614(b).

martial.  The defense did not ask the military judge to voir dire or excuse any members.

### III.  Discussion

#### A.  Failure to Grant Mistrial

A military judge "may, as a matter of discretion, declare a mistrial when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings."  Rule for Courts-Martial (R.C.M.) 915(a).  "[A] mistrial is an unusual and disfavored remedy.  It should be applied only as a last resort to protect the guarantee for a fair trial."  United States v. Diaz, 59 M.J. 79, 90 (C.A.A.F. 2003).  It "'is reserved for only those situations where the military judge must intervene to prevent a miscarriage of justice.'"  United States v. Vazquez, 72 M.J. 13, 19 n.5 (C.A.A.F. 2013) (quoting United States v. Garces, 32 M.J. 345, 349 (C.M.A. 1991)).

"Because of the extraordinary nature of a mistrial, military judges should explore the option of taking other remedial action, such as giving curative instructions."  United States v. Ashby, 68 M.J. 108, 122 (C.A.A.F. 2009).  A curative instruction is preferred to granting a mistrial, which should only be granted "when 'inadmissible matters so prejudicial that a curative instruction would be inadequate are brought to the

attention of the members.'" Diaz, 59 M.J. at 92 (quoting R.C.M. 915(a) Discussion). "We will not reverse a military judge's determination on a mistrial absent clear evidence of an abuse of discretion." Ashby, 68 M.J. at 122, quoted in United States v. Coleman, 72 M.J. 184, 186 (C.A.A.F.), cert. denied, 134 S. Ct. 458 (2013).

At trial, Appellant moved for a mistrial, arguing that the trial counsel's line of questions to Appellant caused Major Cereste to accuse Appellant of "lying by omission," and that the Government was attempting to obtain "comment on her right to remain silent on the record and into the members' ears." Appellant now alleges that Major Cereste's comments indicated that she had already found Appellant guilty of the offense of false official statement before the close of the evidence and instructions by the military judge. In determining whether the military judge abused his discretion by not granting a mistrial, we look to the actual grounds litigated at trial.

There is no evidence that the trial counsel was attempting to bring Appellant's invocation of her right to remain silent to the attention of the members. The trial counsel appears to have asked about Appellant's interaction with SrA Acree seeking clarification of Appellant's statement that she did not believe the investigators asked her if she had intended to return to military control. It was Appellant who decided that, rather

than just answer the question asked, she would provide an explanation:  that SrA Acree had asked, but that she had invoked her right to remain silent.

Using the instruction approved by the defense, the military judge told the members that they could not consider Appellant's invocation of her right to remain silent against her, and that they could not consider her invocation of those rights as lying by omission.  "'Absent evidence to the contrary, court members are presumed to comply with the military judge's instructions.'" United States v. Hornback, 73 M.J. 155, 161 (C.A.A.F. 2014) (quoting United States v. Thompkins, 58 M.J. 43, 47 (C.A.A.F. 2003)).  Major Cereste's question was not so prejudicial that a curative instruction was inadequate, and there is no evidence the members did not follow those instructions.  The military judge did not abuse his discretion by denying the motion for mistrial.

B.  Failure to Sua Sponte Excuse Major Cereste

The parties have the right to challenge court members for cause.  Article 41(a)(1), UCMJ, 10 U.S.C. § 841(a)(1) (2012). "A member shall be excused for cause whenever it appears that the member . . . [s]hould not sit as a member in the interest of having a court-martial free from substantial doubt as to legality, fairness, and impartiality."  R.C.M. 912(f)(1)(N).  A party may challenge a member for cause "during trial when it

becomes apparent that a ground for challenge may exist," and a hearing may be held to resolve the issue. R.C.M. 912(f)(2)(B). Appellant did not ask to voir dire or challenge Major Cereste.

The military judge "may, in the interest of justice, excuse a member against whom a challenge for cause would lie." R.C.M. 912(f)(4) (emphasis added). A military judge has the discretionary authority to sua sponte excuse the member but has no duty to do so. See Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 346 (2005) ("The word 'may' customarily connotes discretion."); Bryan A. Garner, Garner's Dictionary of Legal Usage 568 (3d ed. 2011).

This Court has characterized the discretionary authority of a military judge to excuse a member sua sponte "'in the interest of justice'" as a "drastic action." United States v. Velez, 48 M.J. 220, 225 (C.A.A.F. 1998) (quoting R.C.M. 912(f)(4)). We hold that the military judge did not have a duty to sua sponte excuse Major Cereste.

## IV. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. McFadden, No. 12-0501/AF

OHLSON, Judge, with whom BAKER, Chief Judge, joins (dissenting):

It has long been established that an accused has a right to an impartial and unbiased panel during a court-martial. United States v. Mack, 41 M.J. 51, 54 (C.M.A. 1994). And yet in the instant case, I conclude that the military judge failed to take the required steps to vindicate this fundamental right on behalf of Appellant, and that the military judge thereby abused his discretion. Therefore, because I disagree with the majority's analysis of the assigned issues, I respectfully dissent.

## Facts

As noted by the majority, at trial Appellant testified that she twice had temporarily absented herself from her unit without authorization, and thereby conceded that she was guilty of two unauthorized absence offenses. Contrary to Appellant's assertions, however, the Government sought to prove that Appellant intended to remain away from her unit permanently. As a consequence, the court-martial centered on Appellant's truthfulness when she claimed at trial that she had never formed the intent to permanently absent herself.

During an Article 39(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 839(a) (2012), session the defense noted that the Government was likely to offer into evidence a statement Appellant had made to investigators upon her return to

her unit.  The defense argued that a portion of that statement needed to be redacted in order to protect Appellant's Article 31(b), UCMJ, 10 U.S.C. § 831(b) (2012), rights.  Specifically, the defense asked the military judge to require the redaction of the section of the statement where an investigator, Senior Airman Acree, asked Appellant if she had ever planned on turning herself in, and Appellant had refused to answer.  This issue seemingly became moot when the Government informed the court that it already had redacted that portion of the statement, and the military judge then admitted the statement into evidence.

As the trial progressed, Appellant repeatedly asserted that despite her absences from her unit -- which totaled approximately three weeks -- she never had decided to remain away permanently.  At that point, however, the military judge chose to begin asking Appellant questions in front of the panel members.  Specifically, the military judge asked Appellant if she had told Investigator #1 or Investigator #2 that she intended to "come back."  Appellant correctly responded that these two investigators had not asked her that question and that she "didn't tell them one way or the other."  The military judge did not pursue that matter further.  Nevertheless, during its recross examination of Appellant, the Government first gained confirmation that Investigator #1 and Investigator #2 had never asked her whether she intended to return to her unit, and then

asked Appellant, "Did Senior Airman Acree ask you if you intended to come back?"

Obviously mindful of the Article 31(b), UCMJ, implications of the Government's question, the defense immediately objected on the ground that the question was "beyond the scope." Without hearing any argument on the point, the military judge overruled the objection. Thus, the Government proceeded with its inquiry, and Appellant conceded to trial counsel that when questioned by Senior Airman Acree about her intentions of returning, "I used my right to remain silent."

Following examination by the parties and the military judge, the military judge permitted the panel members to ask Appellant questions. In doing so, the military judge failed to follow the clear procedures spelled out in Military Rule of Evidence (M.R.E.) 614(b).[1] Rather, the military judge permitted the panel members to directly question Appellant orally; nothing was written down, and there was no prior review of the questions in any manner. Not surprisingly, this highly irregular procedure --

---

[1] M.R.E. 614(b) provides:

> The military judge or members may interrogate witnesses, whether called by the military judge, the members, or a party. Members shall submit their questions to the military judge in writing so that a ruling may be made on the propriety of the questions or the course of the questioning and so that questions may be asked on behalf of the court by the military judge in a form acceptable to the military judge.

whereby no fewer than seven panel members asked questions that span nearly thirty pages in the record of trial -- resulted in an appealable issue.

Specifically, one of the panel members, Major Cereste, asked Appellant the following "question" which is at issue:

> Q.  My next question is:  You testified on numerous accounts of overt deception, and to me you seem to have a heightened intuition of other people's motives.  For example, you were aware that perhaps Airman Dover might tell people X, Y, and Z, so you told her certain things. Have you also heard of lying by omission -- so -- exercising your right to remain silent.  So, how is your testimony today regarding never intending to desert the Air Force permanently different from your previous pattern of deception?

Once the panel members concluded their questioning of Appellant, the military judge placed the court in recess and then called an Article 39(a), UCMJ, session.  At that session, the defense noted that "since the members are out," he was going to now request a mistrial.[2]  In furtherance of this motion, the defense counsel stated the following:

> There was a line of questioning that took place during the cross-examination -- I think the subsequent cross-examination of Airman McFadden -- that had to do with a statement about her exercising her right to remain silent. And the prosecution had previously redacted that from the 1168.  The defense did not open the door to that cross-examination.  The prosecution took advantage of an

---

[2] The timing of the defense counsel's objection was perfectly appropriate.  M.R.E. 614(c) provides, "Objections to the calling of witnesses by the military judge or the members or to the interrogation by the military judge or the members may be made at the time or at the next available opportunity when the members are not present."

opportunity presented by the court, during the court's questions, to enter into an area that the prosecution had told us they would not.  As a direct result of that line of questioning, Major Cereste, in the back row, accused Airman McFadden of lying by omission by exercise of her right to remain silent.

At this time, pursuant to R.C.M. 915, we believe it's manifestly necessary in the interest of justice because of [Appellant's] response to a court member, to declare a mistrial based on the government's attempt to get that statement -- that comment on [Appellant's] right to remain silent on the record and into the members' ears.[3]

The military judge responded to this objection by:  (a) incorrectly characterizing Appellant's testimony by stating that Appellant had initially testified that "nobody" asked her about whether she had intended to return to her unit; (b) opining that the Government's question was permissible because this answer by Appellant was "misleading"; (c) denying the motion for a mistrial; and (d) stating that he would "consider giving the members a cautionary instruction."

Indeed, upon reconvening the court-martial, the only action the military judge took to address this issue was to instruct the panel members as follows:  "You may not consider the accused's exercise of her right to remain silent in any way

---

[3] The United States Air Force Form 1168, referred to by the defense counsel, is a standard form utilized in the investigative context to take written statements providing details of suspected criminal activity.  The same form can be tailored for statements from suspects, witnesses, and complainants.

adverse to the accused.  You may not consider such exercise as lying by omission."

## Analysis

In my view, the military judge's single step of giving the panel members a putatively curative instruction was insufficient to ensure the fairness of the trial and did not adequately ensure that the panel remained impartial and unbiased.  See Mack, 41 M.J. at 54-56.  When Major Cereste equated Appellant's invocation of her right to remain silent with lying by omission, it is apparent from the context that Major Cereste already had concluded that Appellant was lying about the central point of this court-martial -- whether Appellant was being truthful when she testified that she had never formed the intent to absent herself from her unit permanently.  Therefore, based on the record before us, it is reasonable to conclude that Major Cereste had failed to remain open minded about the case until the close of all the evidence, which directly contravened the express prior instruction of the military judge.  As a consequence, absent any step by the military judge to voir dire Major Cereste, I believe there is sufficient evidence for a reasonable person to conclude that Major Cereste was no longer an impartial and unbiased panel member.  See United States v. Strand, 59 M.J. 455, 459 (C.A.A.F. 2004).  And, as the provisions of Rule for Courts-Martial (R.C.M.) 912(f)(1),

912(f)(1)(N), mandate, a panel member "shall be excused for cause" when necessary to ensure that the court-martial is "free from substantial doubt as to legality, fairness, and impartiality."

It is true that instead of seeking a mistrial it may have been more appropriate for the defense counsel to have asked the military judge to excuse Major Cereste and to voir dire the other panel members to determine whether they had been tainted by Major Cereste's accusations against Appellant. After all, granting a mistrial is considered a "drastic" remedy and such a step generally would be highly disfavored without an additional showing by the defense.[4] Nevertheless, in light of the fact that R.C.M. 915(a) states that a mistrial may be declared "in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings," it was not entirely unreasonable for the defense counsel to make such a request.

As the defense counsel noted in support of his mistrial motion: (a) the military judge had unilaterally laid the groundwork which resulted in his decision to improperly permit the Government to elicit testimony from Appellant regarding her prior invocation of her right to remain silent; (b) a panel

---

[4] See United States v. Diaz, 59 M.J. 79, 90, 114-15 (C.A.A.F. 2003).

member used this improper disclosure to conclude that Appellant

had lied by omission when she refused to admit to Senior Airman

Acree that she had intended to stay away from her unit

permanently;[5] and (c) because the military judge had failed to

comply with the procedures contained in M.R.E. 614, the other

panel members had heard, and had been potentially tainted by,

Major Cereste's comment about Appellant's truthfulness.[6]  Thus,

it is understandable that the defense counsel had concluded that

"substantial doubt" had been cast "upon the fairness of the

proceedings."  R.C.M. 915.

Moreover, under such circumstances the military judge was

not presented with a binary choice of either granting a mistrial

or only giving an additional instruction.  Rather, consistent

with this Court's precedent, once the defense counsel made a

---

[5] The importance of this improper disclosure is underscored by
the fact that the Government had scant independent evidence
proving that the Appellant intended to stay away from her unit
permanently.  Rather, the Government's case was based squarely
on the Appellant's state of mind as demonstrated by her actions,
statements, and testimony.  Accordingly, the Appellant's
credibility was at the very heart of this case, and once Major
Cereste used the improper disclosure that the Appellant had
invoked her Article 31(b), UCMJ, rights as the basis for
challenging in open court the Appellant's supposed acts of
"deception" and "lying by omission," the Appellant's credibility
was considerably undermined.
[6] As evidence that other panel members may have been tainted by
Major Cereste's accusatory questioning of Appellant, and of the
prejudice to Appellant that may have resulted from this
questioning, I note that the trial counsel recommended a
sentence that included confinement for eighteen months but the
panel awarded a sentence that included confinement for twenty-
four months.

motion for a mistrial, the military judge was required to consider any lesser remedies short of a mistrial that would adequately address the defense's legitimate concerns.  See United States v. Ashby, 68 M.J. 108, 122 (C.A.A.F. 2009).  In my view, Major Cereste's questioning of Appellant adequately demonstrated that she had not kept an open mind until the close of evidence.  And importantly, this failure to keep an open mind was in direct contravention of the military judge's prior instructions.  Accordingly, I believe there is no basis to conclude on the record before us that Major Cereste would be willing or able to follow any additional instructions the military judge might give.  Therefore, I find the military judge's decision to only give a putative curative instruction to be wholly inadequate.

## Conclusion

I conclude that based on the totality of the circumstances in the instant case, at a minimum the military judge was obligated to take the simple and appropriate step of voir diring Major Cereste and the other court members to determine whether additional measures were necessary to ensure that the panel remained fair and impartial.  Upon failing to take that step, I conclude that the military judge should have recognized that Major Cereste's statement substantively brought into question her fairness and impartiality, and therefore the military judge

abused his discretion when he failed to sua sponte excuse Major Cereste from the court-martial panel. <u>Strand</u>, 59 M.J. at 459-60. Further, I do not find a basis to conclude that the military judge's putative curative instructions rendered this error harmless.

Accordingly, because I disagree with the majority's analysis of the assigned issues, I respectfully dissent.