**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKEY LEON SCOTT, *Petitioner-Appellee*, v. ERIC ARNOLD, Warden, of California State Prison, Solano, *Respondent-Appellant.* | No. 18-16761 D.C. No. 4:16-cv-06584-JST OPINION |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted October 25, 2019
San Francisco, California

Filed June 22, 2020

Before: Michael J. Melloy,[*] Jay S. Bybee,
and N. Randy Smith, Circuit Judges.

Opinion by Judge Melloy

---

[*] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

# SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's judgment granting Rickey Leon Scott's habeas corpus petition in a case in which Scott, who was convicted of first-degree murder, moved for a new trial based on his discovery that a juror had made a false representation during *voir dire*.

The trial court denied the motion, and the California Court of Appeal affirmed, holding that *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), which permits a new trial where a juror's lies during *voir dire* hide a fact that would have permitted the juror to be stricken for cause, accommodates a prejudice analysis. The district court held that *McDonough* could not accommodate a prejudice analysis.

Applying AEDPA review, the panel held that it was not unreasonable for the state court to conclude that *McDonough* accommodates a prejudice analysis, as *McDonough* did not explain if, or demonstrate through application whether, it was establishing a simple binary test or a test that accommodates a prejudice analysis. The panel observed that fairminded disagreement exists as to the application of *McDonough*, and therefore concluded that the state court did not reach a decision contrary to clearly established Supreme Court precedent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Michele J. Swanson (argued), Deputy Attorney General; Peggy S. Ruffra, Supervising Deputy Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, San Francisco, California; for Respondent-Appellant.

Steven A. Hirsch (argued), Steven P. Ragland, and Neha Mehta, Keker Van Nest & Peters LLP, San Francisco, California, for Petitioner-Appellee.

## OPINION

MELLOY, Circuit Judge:

After Petitioner-Appellee Rickey Leon Scott was convicted of first-degree murder, he moved for a new trial based on his discovery that a juror had made a false representation during *voir dire*. The state trial court held an evidentiary hearing and denied his motion for a new trial, finding the juror had made a false representation but there had been no prejudice. The trial court also found the Supreme Court's opinion in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), did not require the trial court to grant Scott a new trial.

The California Court of Appeal affirmed. *People v. Scott*, No. A139921, 2015 WL 4505784 (Cal. Ct. App. July 24, 2015). The Court of Appeal noted that *McDonough* permits a new trial where a juror's lies during *voir dire* hide a fact that would have permitted the juror to be stricken for cause. *See id.* at *9. However, focusing on *McDonough*'s

rationale that "only those reasons that affect a juror's impartiality can truly be said to affect the fairness of the trial," *see* 464 U.S. at 556, the Court of Appeal interpreted *McDonough* as accommodating a prejudice analysis and as not mandating a new trial where the presumption of prejudice is rebutted.

In the present case, the juror's false representation hid the factual basis of a possible for-cause strike under a state statute that creates a rebuttable presumption of implied bias. *See* Cal. Civ. Proc. Code § 229(b) (rebuttable presumption arises if a prospective juror was represented by a party's attorney less than one year prior to the filing of the complaint in the case being tried). The prospective juror previously had been represented in a misdemeanor case by an attorney from the same public defender's office as Scott's attorney, giving rise to the statutory presumption of bias. The Court of Appeal found the presumption rebutted primarily because the prospective juror had not recognized an associational connection between his own attorney and Scott's public defender. *Scott*, 2015 WL 4505784, at *8. The Court of Appeal also emphasized that, even if the prospective juror had made a factual connection between the two attorneys, it was not clear how the fact of prior representation might have influenced the prospective juror's attitude towards Scott's case. *See id*; *see also id.* at *11 ("The bias that is implied statutorily under state law by virtue of a recent attorney-client relationship is not comparable to the extreme and extraordinary situations in which bias is presumed under federal law and may not be rebutted.").

The California Supreme Court denied further review, and Scott filed for federal habeas relief pursuant to 28 U.S.C. § 2254. The district court granted relief, holding the state court misapplied *McDonough*. The district court held that

*McDonough* could not accommodate a prejudice analysis and, instead, created a simple two-part test asking only if: (1) the prospective juror had lied; and (2) the lie concealed the basis of a for-cause challenge.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is permitted only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "This means that a state court's ruling must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "[C]learly established Federal law, as determined by the Supreme Court of the United States" means "the holdings, as opposed to the dicta," of Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Therefore, a "federal court may not overrule a state court for simply holding a view different from its own, when [Supreme Court] precedent . . . is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

It was not unreasonable for the state court to conclude that *McDonough* accommodates a prejudice analysis. *McDonough* leaves several outstanding questions unanswered, and the current case falls into an area where clarity is lacking. It remains unclear whether and to what extent the United States Supreme Court recognizes distinctions between actual prejudice, implied prejudice, and "*McDonough* prejudice," and what showings for relief are required in each scenario. *Cf. Hedlund v. Ryan*, 854 F.3d

557, 575 (9th Cir. 2017) ("There is no clearly established federal law regarding the issue of implied bias."). *McDonough* itself rejected a challenge based on a lost opportunity to exercise a peremptory strike and announced a new test regarding for-cause challenges without applying that test. 464 U.S. at 555–56. *McDonough*, therefore, did not explain if, or demonstrate through application whether, it was establishing a simple binary test or a test that accommodates a prejudice analysis.

Importantly, since *McDonough*, our court and other circuits have highlighted this remaining uncertainty and described *McDonough* as accommodating a prejudice analysis. *See Faria v. Harleysville Worcester Ins. Co.*, 852 F.3d 87, 96 (1st Cir. 2017) ("The binary test set forth in *McDonough* is not a be-all-end-all test to be viewed without context. Rather, the fundamental purpose of the test is to answer the crucial, overarching trial inquiry: was the juror biased and, if so, did that bias affect the fairness of the trial?"); *Conaway v. Polk*, 453 F.3d 567, 582–89 (4th Cir. 2006) ("Even where, as here, the two parts of the *McDonough* test have been satisfied, a juror's bias is only established under *McDonough* if the juror's 'motives for concealing information' or the 'reasons that affect [the] juror's impartiality can truly be said to affect the fairness of [the] trial.'" (alterations in original) (quoting *McDonough*, 464 U.S. at 556)); *Pope v. Man-Data, Inc.*, 209 F.3d 1161, 1164 (9th Cir. 2000) ("Under *McDonough*, a new trial is warranted only if the district court finds that the juror's voir dire responses were dishonest, rather than merely mistaken, and that her reasons for making the dishonest response call her impartiality into question."); *Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998) (en banc) (describing *McDonough* as instructing courts to "determine whether . . . answers were dishonest and, if so, whether this undermined the

impartiality of [the] jury"). Simply put, "fairminded disagreement" currently exists as to the application of *McDonough*, and the state court did not reach a decision "contrary to" clearly established Supreme Court precedent. *Harrington*, 562 U.S. at 100, 103.

To the extent Scott argues dicta in a more recent Supreme Court case eliminates uncertainty surrounding *McDonough*, *see Warger v. Shauers*, 135 S. Ct. 521, 525 (2014) (holding that juror-deliberation evidence could not be used to attack a verdict but stating in dicta that, "[i]f a juror was dishonest during *voir dire* and an honest response would have provided a valid basis to challenge that juror for cause, the verdict must be invalidated"), we emphasize that clearly established Supreme Court precedent for purposes of 28 U.S.C. § 2254 cannot be found in dicta, *Carey v. Musladin*, 549 U.S. 70, 74 (2006) ("[C]learly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." (citation omitted)).

Although we conclude Scott is not entitled to habeas relief under AEDPA's strict standards, we write further to emphasize two points. First, nothing in today's opinion should be construed as suggesting that we have found clarity in our circuit's treatment of *McDonough*. And second, even if such clarity existed at the circuit level, clearly established federal law for habeas purposes cannot be found in circuit courts' expansion or interpretation of Supreme Court precedent. *Lopez v. Smith*, 574 U.S. 1, 7 (2014) (per curiam). Rather, clarity must exist in the Supreme Court's own rulings. *See id.* ("[C]ircuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'" (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (per

curiam))).  As such, we may ask whether our own court has already determined that an issue was clearly established by the Supreme Court, but we "may not canvass circuit decisions to determine whether a particular rule of law is so widely accepted . . . that it would, if presented to [the] Court, be accepted as correct."  *Marshall*, 569 U.S. at 64.

Looking at our own treatment of *McDonough*, we cite *Pope*, 209 F.3d at 1164, and *Dyer*, 151 F.3d at 973, above, for the emphasis they seemingly place on *McDonough*'s contested passage regarding dishonesty that demonstrates impartiality and the arguable need for a showing of prejudice.  Earlier, in *Coughlin v. Tailhook Association*, we applied *McDonough* to determine whether a juror's dishonesty during *voir dire* required a new trial.  112 F.3d 1052, 1059–62 (9th Cir. 1997).  Although we did not reference an impartiality or prejudice requirement under *McDonough*, we arguably applied a prejudice analysis in reaching our ultimate holding.  *Id.* at 1062 ("Thus, the district judge did not clearly err when he concluded that [the juror] did not fail to answer honestly *material* questions on voir dire.  We conclude that [the juror's] dishonesty, if any, was limited to collateral matters that had no impact on his ability to serve as a juror in this proceeding.").

More recently, in *Elmore v. Sinclair*, we initially described *McDonough* as requiring two showings: (1) "[the juror] failed to honestly answer a material question on voir dire" and (2) "a correct response would have provided a basis for a challenge for cause."  799 F.3d 1238, 1253 (9th Cir. 2015).  Immediately after identifying these two showings, however, we described a prejudice analysis of sorts, indicating that the appropriate remedy following such a showing would be a hearing on juror bias.  *Id.* ("If [the habeas petitioner] is able to show juror bias and lack of a fair

trial, then the appropriate remedy is a hearing on juror bias." (quoting *Smith v. Phillips*, 455 U.S. 209, 215 (1982))). In any event, we denied habeas relief on a *McDonough* claim in *Elmore* because we concluded a state supreme court had reasonably interpreted the juror's responses as not dishonest. *Id.* ("This suggests that he believed his responses on the questionnaire to be accurate. Accordingly, we conclude that the Washington Supreme Court was not unreasonable in dismissing [the habeas petitioner's] claims alleging juror bias.").

These cases appear to stand in contrast with our discussions in *Fields v. Brown*, 503 F.3d 755, 766–72 (9th Cir. 2007) (en banc) and *United States v. Olsen*, 704 F.3d 1172, 1189, 1195–96 (9th Cir. 2013), where we described actual bias, implied bias and *McDonough* bias as three separate concepts without describing a prejudice showing under *McDonough*. In *Fields*, we denied habeas relief under a pre-AEDPA analysis, and in *Olsen* we rejected arguments in a direct criminal appeal. In each case, our rejection of the *McDonough* claim turned on the absence of a showing of dishonesty on the part of a juror. *See Fields*, 503 F.3d at 767; *Olsen*, 704 F.3d at 1196. Because we found no dishonesty, neither case required us to make a determination as to whether *McDonough* accommodated (or required) a prejudice analysis.

Then, in *United States v. Brugnara*, we cited *Olsen*, and stated, "A defendant must make two showings to obtain a new trial based on *McDonough* bias: first, that the juror in question 'failed to answer honestly a material question on *voir dire*,' and second, 'that a correct response would have provided a valid basis for a challenge for cause.'" 856 F.3d 1198, 1211 (9th Cir. 2017) (quoting *McDonough*, 464 U.S. at 556). In *Brugnara*, however, we referenced

*McDonough*'s contested passage, noting immediately after describing the two-part test that, "[o]nly concealment for 'reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.'"   *Id.* at 1211–12 (quoting *McDonough*, 464 U.S. at 556).  Ultimately, we denied relief in *Brugnara* because, although we assumed a juror had been dishonest, there had been no showing that the dishonesty concealed a valid for-cause challenge.  *Id.* at 1212.

"Because the Supreme Court has not given explicit direction" as to whether *McDonough* requires a criminal defendant to show prejudice to obtain a new trial, "and because the state court's interpretation is consistent with many other courts' interpretations, we cannot hold that the state court's interpretation was contrary to, or involved an unreasonable application of, Supreme Court precedent." *Kessee v. Mendoza-Powers*, 574 F.3d 675, 679 (9th Cir. 2009).  Petitioner is therefore not entitled to habeas relief.

We **REVERSE** the judgment of the district court.